Dickson v. Conde et al.

---

DICKSON v. CONDE ET AL.

[No. 18,082. Filed April 29, 1897. Rehearing denied June 24, 1897.]

CONTRACTS.—*Statute of Frauds.*—Where, as a part of the consideration for the sale and transfer of a one-half interest in partnership property, the purchaser agreed to pay the indebtedness of the firm, and to pay the retiring partner one-half of the amount of a judgment against the firm if it is reversed on appeal, it is not in either of its aspects a contract to answer for the debt, default, or miscarriage of another within the statute of frauds. *p. 280.*

SAME.— *Construction.—Provision Following the Signatures of the Contracting Parties.*—A provision immediately following the signatures of the parties to a written contract is to be construed as a part of the contract, though such provision is not signed, where the words "This agreement is further continued below," appear just above the signatures of the contracting parties. *p. 281.*

From the Marion Superior Court. *Reversed.*

*W. W. Herrod* and *W. P. Herrod*, for appellant.

*A. P. Stanton* and *A. F. Denny*, for appellees.

MONKS, J.—Appellant brought this action against appellees upon a written contract. Appellees' separate demurrers to the complaint were sustained, and appellant refusing to plead further, judgment was rendered upon demurrer in favor of appellees.

These rulings of the court have been assigned as error.

It is shown by the complaint that prior to April 29, 1876, appellant and the appellee, Wallace Dickson,

were doing business as partners under the firm name of C. Dickson & Co. That on said day, by contract in writing, appellees purchased of appellant his entire interest in the stock, good will, and accounts of said firm of C. Dickson & Co. for the consideration of nine thousand dollars, and assumed and agreed to pay the indebtedness of said firm. That before the sale to appellees a judgment had been recovered for $5,786.33 by the Indianapolis Cotton Manufacturing Company against said firm, which was on the day of said sale pending on appeal in this court, and was counted and treated as an indebtedness of said firm in said sale, which said appellees were to pay. As a part of said contract it was agreed that in case the appeal to the Supreme Court from said judgment was decided in favor of C. Dickson & Co., then appellees promised and agreed to pay one-half of the amount of said judgment to appellant. That said judgment was reversed in 1878 and remanded to the court below where the case was dismissed. That the one-half of said judgment, $2,893.16, with interest thereon is due and unpaid. The written agreement is filed with and made a part of the complaint.

The contract, as sued upon, is not, as claimed by appellees, an undertaking "to answer for the debt, default, or miscarriage of another." The contract of appellees is to pay a part of their own debt to appellants to the creditors of the firm, and was not therefore within the statute of frauds. Such contracts may be enforced if not in writing. *Wolke* v. *Fleming*, 103 Ind. 105, and cases cited; *Turpie* v. *Lowe*, 114 Ind. 37, 38; *Bateman* v. *Butler*, 124 Ind. 223, 225; *Boruff* v. *Hudson*, 138 Ind. 280, 283; *Lowe* v. *Hamilton*, 132 Ind. 406, 409.

The agreement by appellees to pay appellant $2,893.16 in the event the case pending in this court

Dickson *v.* Conde *et al.*

was reversed, and the firm of Dickson & Co. were not indebted to said Indiana, etc., Manufacturing Co., was nothing more than an agreement to pay the price of the property purchased to the seller instead of to one of the firm creditors, and was not therefore within the statute of frauds.

It is insisted by appellees that the part of the contract upon which the right to recover the $2,893.16 is predicated was never signed by the appellees, and that they are not, therefore, liable thereon.

The contract sued upon sets out the agreement in regard to what is sold to appellees, the price to be paid, and the debts of the firm assumed and to be paid. After these provisions follows the testimonium clause, and after this and above the signatures of the three contracting parties, the appellant and appellees in this action, was written the following: "This agreement is further continued below."

Below the signatures of the contracting parties follow the provisions in regard to the appeal from said judgment pending in this court and the payment to be made to appellant in case the same is reversed, etc., at the end of which there is another testimonium clause of the same date as the first one. No names appear following the last testimonium clause.

Appellant and appellees have said in writing over their signatures that what precedes their signatures does not contain all the contract between them, but that what follows below is a part thereof, and it is so alleged in the complaint. These allegations are admitted by the demurrers and clearly makes what is written below their signatures a part of the written agreement.

While it would have been proper for the parties to have signed the testimonium clause which follows the provisions written below the signatures in regard to

the payment to appellant of one-half of the amount of said judgment, yet the failure to do so cannot be held to overthrow the express declaration of the parties that the same is a part of the contract. It is well settled that the parties to a written agreement may make a writing on another paper or on the same paper a part of the agreement by so providing in the agreement signed.

Besides the rigid rule which applies to connecting writings on different papers or on the same paper by parol evidence when the contract is within the statute of frauds does not apply to the contract in this case because it is not within the statute.

It follows that the court erred in sustaining said demurrers to the complaint.

Judgment reversed, with instructions to overrule the separate demurrer of each appellee to the complaint, and for further proceedings not inconsistent with this opinion.