[No. 6459. Decided October 19, 1906.]

ALEX POLSON *et al.*, *Respondents*, v. THE CITY OF ABERDEEN, *Appellant.*[1]

DEDICATION — BOUNDARIES OF PLAT BORDERING ON RIVER — CON-
STRUCTION. Where the banks of a river had been washed away after
the meander line was established, and subsequently a plat of an
addition bordering on the river showed the length of the fractional
lots as running to the edge of the grass line on the river bank, and
in the survey, stakes marked the southern boundary of the plat at
such point, the side lines of the lots not being joined on the plat
nor extended to the meander line, the plat making no reference to
the river, the plat does not extend to the meander line, and streets
dedicated do not extend beyond the abutting lots as shown by the
stakes and official plat.

Appeal from a judgment of the superior court for Che-
halis county, Irwin, J., entered March 12, 1906, in favor of
the plaintiffs, after a trial on the merits before the court with-
out a jury, in an action to quiet title. Affirmed.

*R. E. Taggart* and *Ben Sheeks*, for appellant.

*John C. Hogan*, for respondents.

RUDKIN, J.—On the 10th day of October, 1866, the United
States, by letters patent, granted to Samuel Benn lots 3 and
4, and the west ½ of the N. W. ¼ of Sec. 9, Tp. 17, N. R.
9 west, W. M., in Chehalis county, Washington Territory.
The lands thus granted are situated on the northerly bank
of the Chehalis river. Benn and wife continued to own the
property until the 16th day of February, 1884, on which
date they prepared, executed, and filed a plat of a portion
thereof, known as Samuel Benn's Plat of Aberdeen. Between
the time the government surveys were extended so as to in-
clude these lands and the time of filing the last-mentioned
plat, the northerly bank of the river had washed away to

[1]Reported in 87 Pac. 73.

such an extent that the government meander line extended from thirty to forty feet below the grass line or river bank proper, and below the line of ordinary high tide. When the survey for the plat was made the surveyor, by direction of the owners, placed the stakes marking the southerly boundary of the plat and the fractional lots bordering on the river, at the edge of the grass line, or on the bank of the river as it then existed, and the plat as filed shows the length of the side lines of each fractional lot from River street, which is substantially parallel to the river, but the side lines of the lots are not joined on the river front. H street as shown on this plat intersects River street at right angles and extends to the southerly boundary of the plat on the river front, wherever that may be ascertained to be. Lot 6 of block 52 lies on the easterly side of H street, and on the southerly side of River street. The east line of the lot as shown by the plat is fifty-one feet in length, and the west line fronting on H street fifty feet in length. Lot one of block 53 lies to the westerly side of H street, and to the southerly side of River street. The east line of the lot fronting on H street as shown by the plat is forty-nine feet in length and the west line thirty-seven feet. As stated above, the side lines of the lots in question are not joined on the river front. In the year 1905 Benn and wife conveyed to the plaintiffs in this action a strip of land lying between the southerly boundary of this plat and the government meander line. If H street should extend to the meander line, the strip of land claimed by the plaintiffs lies within the street, but if the street does not extend beyond the southerly boundary of the adjacent lots as indicated on the plat, the title of the plaintiffs is complete. This action was brought by the plaintiffs against the city of Aberdeen to quiet their title to the strip of land last described. The court gave judgment according to the prayer of the complaint, and from that judgment the city appeals.

It is not contended that there was any dedication of H street beyond the confines of the plat, and if the street terminates at the southernmost point of the adjacent lots abutting thereon, as indicated by the official plat, the judgment is correct and must be affirmed. If on the other hand, the plat and the lots abutting on H street extend back to the government meander line, notwithstanding the survey and the plat to the contrary, it is only reasonable to hold that the street likewise extends to the meander line, and the judgment should be reversed. Samuel Benn was called as a witness on the part of the respondents and testified that a considerable portion of the river bank above the meander line had been washed away at the time he filed his plat; that he was in doubt as to the validity of his title below the line of ordinary high tide, and for that reason did not extend the plat beyond the bank of the river as it existed at the time the plat was filed. It was further shown that the parties who filed the plat conveyed the lots bordering on the river front shortly thereafter, and in every instance conveyed the strip of land lying between the lots, as indicated on the plat and the meander line, by separate instrument or description. This testimony was objected to as incompetent and immaterial. The testimony was perhaps competent for the purpose of showing the intention of the parties in filing the plat and the cotemporaneous construction they placed upon it, but this question we do not deem it necessary to decide. No doubt where land is conveyed described as bounded by, or upon, or as running to, or along the sea or shore or bank of a river or stream, the grant carries the entire estate of the grantor, whether limited by high or low water mark, or by the thread of the stream; but that rule has no application in this case. The lots are particularly described on the plat and the plat itself makes no reference to the river. Of course the plat and the extrinsic evidence disclose the fact that the river flows in close proximity to the platted land, but there is

nothing to indicate that the river was, or was intended to be, the boundary line of the plat or lots. The lots on the river front abutting on H street were staked out on the ground, as extending back forty-nine and fifty feet respectively from River street, and were so indicated on the plat filed. If we must go back by construction thirty-five or forty feet farther to the meander line, simply because the parties filing the plat had title to that point, there is no reason why we should not extend them still farther across the adjacent tide lands, if the parties filing the plat had title thereto.

We are satisfied that the plat and the streets indicated thereon do not extend beyond the stakes placed along the river bank as indicated on the official plat, and the judgment is accordingly affirmed.

MOUNT, C. J., FULLERTON, HADLEY, CROW, ROOT, and DUNBAR, JJ., concur.