## BOLAND ET AL. v. CLAUDEL ET AL.

[No. 22,274. Filed March 11, 1914.]

1. ABATEMENT.—*Plea.*—*Time for Filing.*—A plea in abatement must precede a plea in bar, and cannot be filed after a general appearance by defendant. p. 296.

2. APPEAL.—*Review.*—*Ruling on Motion to Strike Out Plea in Abatement.*—Sustaining a motion to strike from the files defendant's plea in abatement was not error, where it appears that the plea was filed subsequent to a general appearance to the action, and without a withdrawal of such appearance. p. 296.

3. PARTIES.—*Substitution of Name.*—*Abatement.*—The fact that a defendant is sued by the wrong name is not ground for abatement of the action, where the proper party in interest has been served and has appeared to the action, but a party so sued may on motion at any time during the progress of the trial, have the proper name inserted in the pleadings. p. 297.

4. APPEAL.—*Assignment of Errors.*—*Waiver.*—Alleged error in the admission of evidence is waived by appellants' failure to set out points and propositions in relation thereto in their brief. p. 297.

5. APPEAL. — *Review.* — *Refusal of Instructions.* — Although requested instructions correctly stated the law of the case, their refusal was not error, where the law as therein set out was fully covered by the instructions given. p. 297.

6. WILLS.—*Mental Incapacity.*—*Sufficiency of Evidence.*—In a will contest, evidence showing that at the time of executing the will testator was suffering from uremic poisoning, that in the making of the will it was frequently necessary to arouse him from a stupor, that the scrivener had to guide testator's hand in affixing his signature thereto, that he assented to each item of the will as it was read to him, and that, after signing, he lapsed into unconsciousness from which he never recovered, together with opinions of doctors that persons near death from uremic poisoning were of unsound mind, and the opinions of persons who saw testator about the time the will was made, that he was of unsound mind, was sufficient to sustain a finding that he was at the time of unsound mind. p. 298.

7. APPEAL.—*Review.*—*Evidence.*—*Verdict.*—The verdict of a jury cannot be disturbed on the ground of insufficient evidence, where there was sufficient evidence to form an issue of fact, since the court on appeal cannot weigh the evidence. p. 298.

From Perry Circuit Court; *William Ridley*, Judge.

Action by Francis Michael Claudel and others against William V. Boland and others. From a judgment for plaintiffs, the defendants appeal. *Affirmed.*

*Norman E. Patrick,* for appellants.
*Philip Zoercher* and *Sol H. Esarey,* for appellees.

ERWIN, J.—This was a proceeding to contest the will of Peter Claudel, and to set aside the probate thereof, brought by appellees against appellants, which resulted by the verdict of the jury, in setting aside the will on the ground that said Claudel was of unsound mind at the time he undertook to execute his will. The appellants assign as error here, (1) the court erred in sustaining appellees' motion to strike from the files said appellants' answer in abatement; (2) the court erred in overruling the motion of the appellants, except Edward C. James, for a new trial.

No question is raised as to the sufficiency of the complaint, which is in one paragraph and contains the statutory causes for setting aside a will. To this complaint the defendant, Edward C. James, filed a separate answer in two paragraphs, the first, a general denial, the second disclaiming any interest under the will, and averring that the testator was, at the time of the pretended execution of the will, a person of unsound mind, and incapable of making a will. The other defendants, appellants herein, made full appearance, and without withdrawing the general appearance, one of the appellants, a corporation, filed a plea in abatement, setting up the fact that it was being sued in the wrong name, and prayed that the action abate. This plea in abatement was, on the motion of appellees, stricken from the files. This action of the court constitutes the first assignment of error in this court. The court did not err in this ruling, for the reason that a plea in abatement must precede a plea in bar, and cannot be filed after a general appearance. *Brink* v. *Reid* (1889), 122 Ind. 257, 23 N. E. 770; *Watts* v. *Sweeney* (1890), 127

Ind. 116, 26 N. E. 680, 22 Am. St. 615; *Carmien* v. *Conde* (1897), 148 Ind. 279, 46 N. E. 998; *Eel River R. Co.* v. *State, ex rel.* (1900), 155 Ind. 433, 57 N. E. 388; *Chicago, etc., R. Co.* v. *Grantham* (1905), 165 Ind. 279, 75 N. E. 265. A special appearance and a plea in abatement after a full appearance comes too late and should be stricken from the files. If appellant was sued by the wrong name, it

3. could, on motion made at any time during the progress of the trial, have the proper name inserted in the pleadings; but in no event will it be cause to abate the action if, in fact the proper party in interest has been served with summons and has appeared to the action.

The second assignment of error is the overruling of the motion for a new trial. In the motion for a new trial, the appellants assign as reason therefor, the giving by the court on its own motion, instructions Nos. 4, 5, 6, 7 and 8; that the court erred in refusing to give instructions Nos. 4, 6, 7, 8, 10, 11, 13 and 15, tendered by appellants; that the verdict of the jury is not sustained by sufficient evidence and is contrary to law. Appellants also assign as cause

4. for a new trial, error of the court in admitting certain testimony of one Edward C. James, but have waived this specification by their failure to state any error in their points and propositions in relation to the same in their brief.

The only question remaining is as to the instructions of the court, and the sufficiency of the evidence to sustain the verdict. We have examined the instructions ten-

5. dered by appellants and refused, and since they state the law of the case it would have been error to refuse them, if the court had not covered the law as therein set out, with instructions given. The instructions of the court covered fully every phase of the case, including what did and what did not constitute unsoundness of mind; what would and what would not be undue influence; what constituted a proper execution of the will, as to signing and witnessing; the burden of proof and facts necessary to be proven to

set aside the will, with every phase of the law, covering the facts and controversy in the case, in several instances, more favorable to appellants, than asked for.

The only question remaining is as to the sufficiency of the evidence to sustain the verdict. The jury found by its verdict that the testator was of unsound mind at the time of the pretended execution of the will. The facts surrounding the making of the will are, that prior to June 24, 1910, Peter Claudel was a bachelor and lived alone on a farm, doing his own housework; that he was taken sick early in that month suffering with uremic poisoning, and was taken to the home of Edward C. James; that in the making of the will it was necessary frequently to arouse testator from a stupor into which he had been more or less for several days; that when the will was signed, the scrivener took testator's hand in his and guided the pen; that it was necessary to hold him up in bed while the will was being signed; that after the signing of the will, testator lapsed into a state of unconsciousness from which he never recovered; that when the will was prepared it was read over to him by items, and that he assented to everything there written; that he never said anything after the will was signed, except, "lay me down." That he died soon after. Several doctors testified that persons so near death with uremic poisoning were of unsound mind. Several witnesses who visited testator on the day before the will was made and after the will was made, but on the same day, gave it as their opinion, after relating unsuccessful efforts to converse with testator, that he was of unsound mind. In our opinion, there was at least sufficient evidence introduced in the case to form an issue of fact as to testator's testamentary capacity and that issue having been submitted to the jury, which found against the validity of the will, this court could not, if it so desired, invade the province of the jury and weigh the evidence. *Cleveland,*

*etc., R. Co.* v. *Simpson* (     ) —— Ind. ——, 104 N. E. 301, and cases cited.

There being no reversible error, the judgment is affirmed.

NOTE.—Reported in 104 N. E. 577. See, also, under (1) 1 Cyc. 130; (3) 31 Cyc. 173; (4) 2 Cyc. 1014; 3 Cyc. 388; (5) 38 Cyc. 1711; (6) 40 Cyc. 1023; (7) 3 Cyc. 348. As to the effect of partial insanity upon testamentary capacity, see 41 Am. Rep. 686.