[Civ. No. 2917. First Appellate District, Division One.—December 18, 1919.]

## K. GALLWEY, Respondent, v. A. J. GALBREATH, Appellant.

[1] BROKER'S COMMISSIONS — EXCHANGE OF PROPERTY — EVIDENCE—FINDINGS—JUDGMENT.—In this action to recover compensation for services rendered by plaintiff's assignor as broker in securing the acceptance of a proposal to exchange certain real property, the evidence was sufficient to support the findings and judgment in favor of the plaintiff.

[2] ID.—ACCEPTANCE OF OFFER—WAIVER OF CONDITIONS.—Where a proposal to exchange certain real property requires the party accepting the same to assume the mortgage thereon, and the latter only agrees to take the property subject to the mortgage, but no objection is made to the form of such acceptance, the subsequent instructions to the title company concerning the delivery of the deed containing no such conditions, such requirement of the proposal is waived.

[3] ID.—PRODUCTION OF CUSTOMER—RIGHT TO COMMISSIONS.—Where a broker produces a customer ready, able, and willing to consummate an exchange, he is entitled to his commission.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Daniel C. Deasy, Judge. Affirmed.

The facts are stated in the opinion of the court.

A. Caminetti, Jr., and H. F. Shaw for Appellant.

Gerald C. Halsey for Respondent.

---

3. Time for payment of broker's commission, notes, 28 **Am. St. Rep.** 546; 139 **Am. St. Rep.** 225; **Ann. Cas.** 1914D, 395; 44 **L. R. A.** 593.

KERRIGAN, J.—This is an appeal from a judgment in favor of plaintiff for services rendered by his assignor as a broker upon the exchange of certain real property. Plaintiff had judgment below, and defendant appeals.

[1] It is first claimed that the evidence is insufficient to support the findings and judgment.

We see no merit in this contention. It appears from the evidence that defendant delivered to J. W. Wright & Co., a corporation, engaged in the real estate business, a written proposal for the exchange of certain real property controlled by him for certain other property owned by one Dawson Company. The properties were of different value and were both subject to encumbrances. By the terms of defendant's proposal he agreed to pay as an additional consideration for said exchange the sum of ten thousand dollars. This sum was to be partly made up from amounts due defendant upon certain warrants for fire insurance by reason of a fire loss on the property he sought to exchange. The evidence further shows that the Dawson Company was procured by Wright & Co. and that it accepted defendant's offer, and that the respective parties thereafter ordered the titles' examined, and caused to be prepared by Wright & Co. a statement prorating the interest, taxes, and water rates, with a view of consummating the exchange within the time limited by agreement. It is also in evidence that the Dawson Company placed in escrow its deed with the title company, and that defendant did likewise, and in addition thereto deposited his check for the amount found to be due him to the Dawson Company as represented by the prepared statement. Thereafter defendant withdrew his deed and check and refused to go on with the arrangement. It also appears that the Dawson Company was always ready, able, and willing to make the exchange upon defendant's own terms. The evidence, therefore, in this respect supports the judgment.

Further grounds are urged by appellant for a reversal. It is claimed, first, that defendant's proposal of exchange required the Dawson Company to assume the mortgage on the Galbreath property, and that the evidence failed to show that it had consented to this requirement, but that, on the contrary, it had only agreed to take the property subject to the mortgage. It is also claimed that as it appears from

the evidence that Wright & Co. were to receive a commission from both parties, this fact prevents a recovery on the part of plaintiff. There is no evidence in the record to show that defendant did not know that Wright & Co. were to receive double commissions. Besides this, neither one of these objections was urged in the court below, and the case was not tried on either of these theories.

[2] With reference to the first objection, it further appears that defendant made no objection at any time to the form of acceptance by the Dawson Company, and his instructions to the title company concerning the delivery of his deed and check contained no such conditions. Defendant's acts show a waiver of this requirement.

The evidence, as a whole, shows that defendant was desirous of avoiding his contract, and arbitrarily did so.

[3] Plaintiff's assignor having produced a customer ready, able, and willing to consummate the exchange, was entitled to his commission.

For the reasons given the judgment is affirmed.

Richards, J., and Waste, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 16, 1920, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 16, 1920.

All the Justices concurred.