In the Matter of the Application of GOODMAN AND THEISE, INC., for an Order Directing that the Arbitration Provided for in the Certain Contract in Writing Entered into between the Petitioner and LEO ZALA, Trading under the Name and Style of NOVELOOM MANUFACTURING Co., on April 18, 1928, Proceed, Pursuant to the Provisions Thereof and of the Arbitration Law.*

Supreme Court, New York County, August 14, 1928.

---

* Affd., 224 App. Div. 838.

474

*Emil Weitzner*, for the motion.

*Abraham Lilienthal*, opposed.

SCHMUCK, J. It must be held that despite the unequivocal denial of the defendant he knew actually as well as legally of rule 13 printed on the back of the contract. The appearance of the paper itself gives undisputable evidence of printed matter on the back thereof and common experience indicates that a merchant actuated by the ordinary considerations of business would undoubtedly acquaint himself therewith. If, therefore, it be discovered that the dispute between the parties is one included within the provisions of this rule the petition must be granted. It is held that such is the case for the rule provides that disputes between buyer and seller arising from contracts based on the rules printed on the back of the contract herein should be subject to arbitration. This language must mean that any dispute arising from the contract and concerning the rights and responsibilities as therein designated is a matter for arbitration. As the questions in controversy involving the restriction of patterns and colors to the respondent and the right of the petitioner to limit the terms of credit are questions born of the contract the right to arbitration is inevitable. Settle order on notice.

Motion granted.