[Civ. No. 15663. Second Dist., Div. Two. Feb. 5, 1947.]

P. ARTUKOVICH et al. (a Copartnership), Appellants, v. PACIFIC STATES CAST IRON PIPE COMPANY (a Corporation), Respondent.

Stephen Monteleone for Appellants.

Arnold Praeger for Respondent.

McCOMB, J.—From a judgment in favor of defendant after trial before the court without a jury in an action to recover consequential damages for an alleged breach of contract, plaintiffs appeal.

The evidence being viewed in the light most favorable to defendant (respondent) and pursuant to the rules set forth in *Estate of Isenberg*, 63 Cal.App.2d 214, 216 et seq. [146 P.2d 424], the essential facts are:

On May 29, 1944, defendant entered into a contract to sell plaintiffs a certain quantity of cast iron pipe. After the pipe was delivered to plaintiffs they instituted the present suit seeking to recover consequential damages alleging that some of the pipe was either defective or damaged by the negligent handling of the same by defendant.

Plaintiffs urge reversal of the judgment on five propositions which will be stated and answered hereunder seriatim:

■ First: *The finding by the trial court that the agreement between the parties was executed on the 29th day of May, 1944, is not supported by the evidence since on its face it appears that the offer of defendant was dated May 29, 1944, while the date of plaintiffs' acceptance was May 25, 1944, it being obvious that an acceptance may not be made before an offer is extended.*

Such proposition is untenable for the reason that the date which an instrument bears is only presumptive evidence that it is truly dated. ■ The actual date on which the document is executed may be shown by evidence other than the document itself. In the present case two witnesses, Mr. Webb and Miss Lundy, testified that plaintiffs' acceptance of the contract and the signing thereof in fact took place on May 29, 1944 and not on May 25, 1944. This testimony, believed by the trial judge, constitutes substantial evidence to sustain the finding that the contract between the parties was made on May 29, 1944.

■ Second: *The contract was not binding since it had been executed for defendant by Mr. Webb only, who was manager of its Los Angeles office and the agreement provided that "All orders submitted to us through our division sales offices, sales agents, or direct to the general office by the buyer, must be subject to the approval of the Vice-President, Treasurer, or General Sales Manager of the Pacific States Cast Iron Pipe Company at Provo-Utah, for final acceptance."*

This proposition is also untenable for the reason that all the material specified in the contract was shipped by defendant to, accepted and paid for by plaintiffs at the price and on the terms specified in the contract; thus defendant, the principal, had fully ratified by performance the contract entered into by its local agent. In addition the provision in an offer specifying a means of acceptance is for the benefit of the offerer and may be waived by him. (*Gallwey* v. *Galbreath*, 45 Cal.App. 120, 122 [87 P. 73]. See, also, *Bandy* v. *West-*

*over,* 200 Cal. 222, 229 [252 P. 593].) Such waiver obviously occurred in the present case.

Third: *The trial court erred in refusing to permit plaintiffs to introduce evidence to prove consequential damages resulting from the alleged negligence of defendant in handling the pipe delivered to them.*

This proposition is untenable. Defendant's offer which plaintiffs accepted contained this provision:

"We are pleased to quote you on materials set forth below conforming to specifications in our catalog and subject to the terms and conditions as mentioned on the back of this sheet and hereby made a part hereof on this proposal, except as hereinafter modified." On the back of the contract was printed this provision:

"Delivery is to be made F.O.B. seller's foundry, upon which seller's responsibility ceases—all claims for correction of (or) deductions must be made within ten days after receipt of goods—seller agrees to replace at agreed point of delivery any material proven defective, or which does not conform to the specifications shown in the order placed in acceptance of this quotation. The measure of damage is the price of defective material only. *No charges for labor or expense required to repair defective material or for any consequential damages will be allowed. . . .*" (Italics added.)

██ It is the rule that conditions printed on the back of a contract which the parties expressly agree to be part of their contract are binding on both parties. (*Home Ins. Co.* v. *Los Angeles Warehouse Co.,* 16 Cal.App.2d 737, 738 et seq. [61 P.2d 510]; *Dickson* v. *Conde,* 148 Ind. 279 [46 N.E. 998, 999]; *In re Goodman & Theise, Inc.,* 133 Misc. 473 [223 N.Y.S. 46, 47].) In the light of this rule, since the parties agreed that the terms and conditions mentioned on the back of their agreement should become part of their contract, the above quoted provision limiting defendant's liability, which was printed on the reverse side of the agreement, became a part of the contract. ██ In California parties may agree by their contract to the limitation of their liability in the event of a breach. (*United Iron Works* v. *Standard Brass Casting Co.,* 98 Cal. App. 517, 521 [277 P. 183]; *Inner Shoe Tire Co.* v. *Tondro,* 83 Cal.App. 689, 694 [257 P. 211]; *Union Investment Co.* v. *F. M. Landon Co.,* 32 Cal.App. 305, 309 [162 P. 903].) Therefore defendant was not liable for any expense incurred in repairing defective material or for any consequential damages.

Plaintiffs were limited by their contract to damages in a sum equivalent to the price of the defective material.

█ Fourth: *Defendant's liability did not cease until the pipe was delivered at the "trenchside" in Seal Beach, California.*

This contention is without merit. The provision in the contract reading: "The above prices are f.o.b. our foundry at Provo, Utah, with full freight allowed to trenchside, Seal Beach wherever accessible with standard truck and trailer," is modified by another provision of the contract which reads: "Delivery is to be made F.O.B. seller's foundry, *upon which seller's responsibility cease.*" (Italics added.) In view of the clause just quoted to the effect that delivery was to be made f.o.b. foundry the first provision mentioned *supra* referred to and qualified the price for the material and did not affect the time at which title to the property passed. (See *Boston Iron & Metal Co.* v. *Rosenthal,* 68 Cal.App.2d 564, 568 [156 P.2d 963].)

█ Fifth: *The trial court erred in receiving in evidence various documents consisting of quotations of prices and conditions upon which defendant would enter into a contract with plaintiffs.*

This proposition is also without merit since plaintiffs contended that they had no notice of defendant's terms and conditions of sale and that the sale was not made on the terms and conditions claimed by defendant. Clearly such evidence was admissible to show that plaintiffs did have notice of defendant's terms of sale. Likewise since there was a dispute by the parties as to what document constituted their contract, such evidence was admissible for the purpose of permitting the trial court to determine from the transactions between the parties which documents actually evidenced their ultimate contract.

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Wilson, J., concurred.