[Civ. No. 21984. First Dist., Div. Three. Dec. 18, 1964.]

Estate of LUCILLE CROSSMAN, Deceased. SHARON LOU SMITH, as Executrix, etc., et al., Plaintiffs and Respondents, v. PERCIVAL C. MILLS, Defendant and Appellant.

Thiel, Sassone, Howard & Wallace and John H. Wallace for Defendant and Appellant.

Foley & Foley, Stark & Champlin, Herbert P. Moore, Jr., and Richard H. Rahl for Plaintiffs and Respondents.

DRAPER, P. J.—This appeal is from an order in probate confirming sale of real property, but the sole question is whether there is a contract between appellant, as vendee, and respondent executrices, as vendors.

The parties executed a written agreement by which the executrices for a cash consideration, granted appellant an option to purchase the land upon specified terms. Sale was specifically made subject to confirmation by the probate court. One of the 17 paragraphs of the agreement provided: "Any notice that either party hereto desires or shall be required to give to the other hereunder shall be given in writing, either delivered personally or sent by prepaid registered mail . . . Notice by registered mail shall be deemed to have been consummated upon the expiration of twenty-four (24) hours from the time of deposit thereof in any United States depositary for mail."

The option was to expire at midnight, October 27, 1962. On October 26, appellant telephoned the attorney for the estate to advise that it was being exercised. The same day, he wrote to the estate attorney, whose address was specified in the option agreement for notices to the executrices: "May this letter serve as notice to the Co-Executors of the Estate of Lucille Crossman, No. 156057, that I am exercising my option

to purchase under said terms of the option dated May 29, 1962 and expiring on October 27, 1962. You will please notify me in writing of the steps needed to be taken for confirmation." Postage was prepaid, but the letter was sent by ordinary mail. The envelope is postmarked at 6:30 p.m. October 26, and presumptively was delivered to the attorney's office the next day, Saturday. It was not actually received by counsel until Monday, October 29. He promptly wrote appellant, acknowledging exercise of the option. At appellant's requests, petition for confirmation of sale was continued some 46 days. Appellant wrote December 13, saying that he was not able to perform the agreement then, but was "continuing to perform on the purchase as soon as possible." This petition for confirmation followed.

 Appellant argues that there is no contract because the letter sent by ordinary mail was either wholly ineffective to exercise the option, or was too late because effective only upon its actual receipt after the option had expired.

Respondents assert that the use of registered mail, even if held to be required by the option agreement, was for their benefit and thus could be waived by them (*Artukovich* v. *Pacific States etc. Pipe Co.*, 78 Cal.App.2d 1, 3 [176 P.2d 962]). It has been pointed out that this rule, broadly applied, would grant the offeror an unwarranted option to affirm or reject the acceptance and the contract without communication to the offeree and without limitation of time (1 Williston, Contracts (3rd ed.) § 92; 1 Witkin, Summary of Cal. Law (1960) p. 69). This criticism may not apply under the facts of our case, but we do not resolve this question, since in our view the option agreement does not require acceptance by registered mail.

 Distinction must be made between an offer which makes a "positive requirement" (Rest., Contracts, § 61, com. a) or imposes "an absolute condition" (1 Williston, Contracts, § 76) of a specified manner of acceptance, on the one hand, and on the other an offer which "merely suggests a permitted . . . manner" (Rest., Contracts, § 61; see also 1 Williston, Contracts, p. 250). In the latter case, another method of acceptance is not precluded. "If a proposal prescribes any conditions concerning the communication of its acceptance, the proposer is not bound unless they are conformed to; but in other cases any reasonable and usual mode may be adopted" (Civ. Code, § 1582). "Care must be taken in the interpretation of offers" to determine this question, and "it

is frequently necessary to look beyond the literal meaning of the language used.'' (1 Williston, Contracts, p. 250.)

This option agreement itself contains indications that it but suggests a mode acceptable to respondent offerors. The provision for use of registered mail is not limited to notices required by the agreement, but extends ''to any notice that either party . . . desires . . . to give to the other.'' This broad inclusion of all notices, regardless of importance, implies mere suggestion of a permissive method of communication. The extrinsic evidence shows that both sides for a long period treated the option as exercised, and the contract of purchase as complete. This contemporaneous construction lends support to the trial court's view that registered mail was not a prescribed requirement or an absolute condition, but a mere suggestion. Moreover, the trial court found, upon substantial evidence, that both vendee and vendors waived the provision for registered mail.

Thus the determination that the option was exercised, and a contract of purchase and sale formed, is fully supported.

There remains the question of time. If the notice had been sent by registered mail, it would have been ''deemed to have been consummated upon the expiration of'' 24 hours from time of deposit in the mail, i.e., at 6:30 p.m. October 27. Appellant argues that since it was sent by ordinary mail, it was not effective until actually received by respondents' attorney Monday, October 29, after expiration of the option. We cannot agree.

The agreement required that all notices be ''given''—not ''delivered'' or ''received''. The same paragraph provides that notice be ''sent'' by registered mail, thus equating ''sent'' with ''given'', and emphasizing the lack of requirement of actual delivery. These considerations, as well as those set forth in our determination that registration of the letter was not a ''condition,'' lead to the view that effectiveness of notice was not predicated upon registration. Since the agreement did not require registration and emphasized sending rather than receipt, we may look to the code provision that an acceptance is deemed fully communicated when placed in the course of transmission to the offeror (Civ. Code, § 1583).

We do not look to that section in interpreting the agreement (see *Morello* v. *Growers Grape Products Assn.*, 82 Cal.App.2d 365 [186 P.2d 463]; and criticism thereof in 1 Witkin, Summary of Cal. Law (1960) 68, 69). Rather, we rely upon it only after having determined from the face of respondents'

offer and from the extrinsic evidence that no "conditions concerning the communication of its acceptance" are prescribed (Civ. Code, § 1582). ■ Thus appellant's notice of exercise of the option was complete, without registration, upon its conceded deposit in the mail at 6:30 p.m. October 26 (see *State of California* v. *Agostini,* 139 Cal.App.2d 909, 915 [294 P.2d 769]), or, giving utmost effect to the 24-hour clause, at 6:30 p.m. the next day. The contract of purchase and sale came into existence then.

■ This case was transferred from probate to another department for trial of the issues we have discussed. After filing findings and conclusions, the trial department retransferred the proceeding to probate for the remaining steps in the confirmation procedure. Appeal was taken from this order, but it is not appealable (Prob. Code, § 1240).

Appeal from order of retransfer dismissed. Order confirming sale affirmed.

Salsman, J., and Devine, J., concurred.