## HARDEN v. CARD ET AL.

JUDGMENT—VACATION FOR FRAUD OR PERJURY—POWER OF COURT OF EQUITY.

1. The remedy provided by the statute authorizing the district court to grant a new trial after the term for fraud in obtaining the judgment is not exclusive, and does not abolish the equitable remedy or restrict courts of equity in the exercise of the power to vacate judgments at law which have been obtained by fraud or perjury, against which the unsuccessful party had no opportunity to defend.

2. A court of equity has power to vacate a judgment which has been obtained by fraud or perjury, but it is not an appellate tribunal to review questions which have been tried and finally determined in an action at law.

3. Suit being brought in equity to vacate a judgment at law on the ground that it had been obtained by means of perjury and a forged date to an agreement annulling a ranch lease between the parties and providing instead that the former lessee was to work for the lessor for stated wages, it appeared that the judgment was for wages alleged to be due from April 26, 1900, the date of the agreement sued on; that it had been claimed by the plaintiff in the original action that the agreement was so dated to make it antedate the lease, though actually made July 30, 1900; that the defendant claimed April 26, 1902, as the true date of the agreement, and that if it bore any 'other date it was a mistake; and that said matter of difference had been put in issue by the pleadings in such original suit. *Held*, that the questions presented in the present suit had been necessarily involved in the original action, that complaining party had a fair opportunity to present his defense therein, and that the questions were actually passed upon by the jury, and should not be relitigated in equity.

[Decided November 19, 1908.]                    (97 Pac. 1075.)

ERROR to the District Court, Carbon County; HON. DAVID H. CRAIG, Judge.

Action brought by Charles Harden against J. W. Card, Una R. Card and others to vacate a judgment. A demurrer to the petition was sustained, and thereupon judgment rendered for the defendants. The plaintiff prosecuted error. The material facts are stated in the opinion.

*McMicken & Blydenburgh* and *N. E. Corthell,* for plaintiff in error.

It is alleged in the petition that the plaintiff did not discover or suspect any alteration in the date of the contract of employment until after the pendency of the original action in the supreme court, and it appears by reference to the pleadings in the original case that no question was raised as to the genuineness of the written contract relied upon by Card, but that Harden assumed the contract and its date to be genuine, alleging that if it bore a different date it was the result of a mutual mistake and that the

date should have been 1902 instead of 1900. This court upon the appeal held that Harden was bound by the plea in the district court of mutual mistake, and could not be heard upon the ground of fraud. (Harden v. Card, 82 Pac. 217.) Being thus deprived of the benefit of the discovery of forgery in the original case Harden has been driven to his sole remaining remedy of a direct attack upon the judgment upon the ground of fraud.

The court has jurisdiction to grant the relief prayed for. The proposition is fundamental that a judgment obtained by fraud may be vacated by a proceeding in equity. The jurisdiction of a court of equity and the equitable remedy in such case is not abolished or impaired by the statute authorizing a district court after the term to vacate a judgment for similar reasons. (23 Cyc. 978; Long v. Mulford, 17 O. St. 484; Coates v. Bank, 23 O. St. 415; Darst v. Phillips, 41 O. St. 514.) The construction of this statute by the courts of Ohio, from which state it was taken, is presumed to have been adopted here by the legislature. (Crumrine v. Reynolds, 13 Wyo. 111.)

But though the statutory proceeding for the vacation of a judgment after term is not exclusive, it may be regarded as setting at rest any controversy which may exist in the authorities as to the sufficiency of perjury as a ground for vacation, since that is a ground under the statute. Moreover, as a rule of substantive law the statute adopts the progressive view and one which is in cognizance with that approved by the best authorities. (23 Cyc. 918, 921; 17 Ency. Law 827, 828; Marshall v. Holmes, 141 U. S. 589; McDaniel v. Traylor, 196 U. S. 415; Graver v. Faurot, 76 Fed. 257; Baldwin v. Schute, 39 O. St. 624; Fullenweider v. Ewing, 30 Kan. 15; Laithe v. McDonald, 12 Kan. 340; Munroe v. Callaghan, 55 Neb. 75; State v. Richardson, 1 Marv. (Del.) 372; Verplank v. Van Buren, 76 N. Y. 247; Kleas v. Kleas, 103 Ia. 689; Stowell v. Eldred, 26 Wis. 504; Wood v. Wood, 114 N. W. 492; Sargent v. Baublis, 127 Ill. App. 630.) The facts stated in the petition are

sufficient to authorize equity to interpose and prevent the enforcement of the judgment complained of.

*N. R. Greenfield,* for defendant in error.

The statute authorizing a vacation of a judgment after term must receive a strict construction and the period prescribed for the bringing of an action thereunder having elapsed there is no jurisdiction in the court which rendered the judgment or any other court to set aside the former judgment. (22 Cyc. 907; People v. Court, 33 Colo. 405; People v. Davis, 143 Cal. 673.)

The pleadings in the former case were sufficient to put the plaintiff upon inquiry touching the true date of the instrument sued upon. If Harden did not exercise vigilance and diligence in the former action he is in no better position after term time than he was during term time and when he presented his motion for new trial. The statute does not contemplate that a party may be less vigilant and diligent than that required to obtain a new trial on the grounds otherwise enumerated by statute. (Hass v. Billings, 43 N. W. 797 (Minn.); Heathcote v. Haskins, 74 Ia. 566; Allen v. Curry, 41 Cal. 318; McDougal v. Walling, 21 Wash. 478; Watkins v. Landon, 67 Minn. 136; Codd v. Mahiat, 109 Mich. 186; Gray v. Barton, 62 Mich. 186.) It was the duty of Harden in the other action to be prepared to disprove the testimony of Card in support of the allegations contained in his petition, and the true date of the agreement sued on was a matter squarely in issue. A party is bound to come prepared to meet the case made by his adversary and cannot plead surprise at material and competent evidence, even though such testimony is false. He has no right to assume that false or contradictory evidence will not be introduced. (14 Ency. Pl. & Pr. 733-735; Armstrong v. Davis, 41 Cal. 499; R. R. Co. v. Spoiner, 85 Ind. 165; Pagan v. State, 3 Tex. App. 400.)

The fraud or perjury, or newly discovered evidence alleged in the petition is not sufficient to warrant the interference of a court of equity. To authorize the vacation of such a judg-

ment for fraud, the fraud must consist of something extrinsic and collateral to the matter actually tried in the former suit. It must be a fraud in the act of obtaining the judgment. (3 Ency. Pl. & Pr. 629; 23 Cyc. 1023, 1024; 1 Black on Judgments, 370; Freeman on Judgments, 489; Cicero v. Pickens, (Ind.) 23 N. E. 764; R. R. Co. v. Baker, 6 Wyo. 394; Throckmorton v. U. S. 98 U. S. 61; Hamilton v. McLean, (Mo.) 68 S. W. 930.)

A court of equity will not set aside a judgment or enjoin its execution on grounds which were presented to the trial court in a motion for a new trial and held insufficient. (Telford v. Brinkerhoff, (Ill.) 45 N. E. 157; Gray v. Barton, *supra*.) The rule is practically the same in case of perjury and to the effect that a court of equity will not grant relief in such cases. (3 Ency. Pl. & Pr. 630; 23 Cyc. 1027, 1028; 1 Black, Judgments, Sec. 372; Watkins v. Landon, 67 Minn. 136; Pico v. Cohn, 91 Cal. 129; Friese v. Mummel, 26 Ore. 145; Freeman v. Wood, (N. D.) 103 N. W. 392; Ins. Co. v. Hodgson, 7 Cranch. 332; Ratliff v. Stretch, 30 N. E. 30 (Ind.); Mayor, &c., v. Brady, 22 N. E. 241 (N. Y.); Ross v. Wood, 70 N. Y. 8; State v. Holmes, 69 Ind. 577; Peyton v. Rawlens, 5 Tenn. 77; Carolus v. Kock, 72 Mo. 645; Young v. Morgan, 13 Neb. 48; Bleakley v. Barclay, 89 Pac. 907; Shufelt v. Gandy, 34 Neb. 32; Secord v. Powers, 61 Neb. 615; Keith v. Alger, 114 Tenn. 1; Adler v. Land Co., 114 Ala. 551; Nelson v. Meehan, 155 Fed. 1.)

BEARD, JUSTICE.

The plaintiff in error commenced this action in the district court of Carbon County, against the defendants in error, alleging in his petition, in substance, that in May, 1903, the defendant, J. W. Card, commenced an action against the plaintiff to recover money alleged to be due for wages; that in March, 1904, said cause was tried to a jury and a verdict rendered in favor of Card, and on October 11, 1904, judgment was given and entered by the court on said verdict in favor of Card and against Harden. The assign-

ment of the judgment and the interests of the defendants
are set out.   The pleadings in the original suit are set out
in full in the petition in this action, but need not be copied
here.   Card alleged in his petition that he had leased a
certain ranch and other property from Harden for the term
of five years, commencing May 1, 1900, which lease was
reduced to writing, and that on or about July 30, 1900, the
parties mutually agreed to annul said lease, and on that
date agreed to and signed the following agreement sub-
joined to said written lease, to-wit:

"Pass Creek Basin, April 26, 1900.   This certifies that we
have both agreed to call this contract null and void and all
accts. square, and that J. W. Card is on and after May
1, working for Chas. Harden at $50.00 per month.

"CHAS. HARDEN.

"J. W. CARD."

He then alleged that he worked for Harden from May
1, 1900, to July 1, 1902, in pursuance of said contract and
claimed a balance due of $1,122.70, for which he prayed
judgment.   Harden answered, admitting the execution of
the lease and the agreement of annullment, but denied that
the latter was entered into and signed on or about July
30, 1900, and alleged that it was agreed to and signed on
April 26, 1902, and that the date 1900 as written therein,
if it does appear to have been so written, was a mutual
mistake and error and should have been 1902.   He denies
that Card worked for him at $50 per month, except from
May, 1, 1902, to July 1, 1902, and alleged full payment
for the same.   In the second count of his answer he alleged
that on the 14th day of June, 1900, Card took possession
of the leased property and continued in possession under
the lease until April 26th, 1902, "and that thereupon at that
date, to-wit:   April 26th, 1902, the alleged agreement set
forth in plaintiff's petition was entered into, written and
signed by both the plaintiff and defendant herein; and that
if the figures representing the date of said written agree-
ment read 1900 for the year, as alleged in said amended
petition, it was a mistake in so putting it down, as the real

date of said agreement was 1902 and not 1900, and that for the previous two years nearly, the said plaintiff had been acting under and by virtue of said lease, hereinbefore mentioned and referred to in the amended petition, and at that time and date, as a matter of fact, the said plaintiff was indebted to the said defendant in the sum of more than thirty-eight hundred ($3800.00) dollars." The prayer of the answer was for costs and general relief. Card replied, "that the written agreement subjoined to said written lease was in fact signed by the parties thereto on or about the 30th day of July, 1900, and dated the 26th day of April, 1900, with the mutual understanding and agreement between the parties thereto that on and after the first day of May, 1900, plaintiff was working for the defendant at the rate of fifty dollars per month as ranch foreman and superintendent." The petition in this action alleges the filing of a motion for a new trial in the original action on the grounds of errors of law occurring at the trial, the insufficiency of the evidence to sustain the verdict and upon the ground of surprise and accident in the loss of a letter of Card to Harden containing material evidence for this plaintiff, and upon the ground of newly discovered evidence, consisting of said letter and the further testimony of one Mabel Harden to the effect that the contract on which the action was founded was not made or signed about July 30, 1900. Alleges the overruling of the motion, proceedings in error and the affirmance of the judgment in this court. It is then alleged that said judgment was obtained by fraud and deceit and by the wilful perjury, forgery and other unlawful acts of J. W. Card. It is alleged that after the execution of the instrument above set out, Card changed the date thereon from 1902 to 1900, and falsely testified on the trial that the same was in fact executed on or about July 30, 1900, and dated back to April 26, 1900, in order to show that his term of employment commenced May 1, 1900. That upon the trial of said action and in the hurry and distractions incident to the introduction of other documents and evidence the attention of this plaintiff was not

closely or especially drawn to the appearance of said written instrument and that he did not discover or suspect that the same had been altered until long after the trial and until the case had been pending for some time in this court. That by reason of the death of the official court reporter in whose custody the documents introduced in evidence were left, he was unable to make a full and careful examination of said documents until about May 1, 1905. That he was further misled and his suspicions disarmed with respect to any purpose of Card to testify falsely or to falsify said instrument through divers letters of Card to this plaintiff, a part of which were in his possession before the trial of the action, he believed he would be able to disprove Card's contention and defeat his claim; that he was taken wholly by surprise at the production of said forged instrument and the false testimony of Card, and on account of such surprise was not able to fully and fairly present his defense.

One of the defendants in error, Una R. Card, demurred to the petition on the grounds that the court had no jurisdiction of the subject matter of the action for the reason that all of the matters stated in the petition are only cognizable at law, and that the petition was not filed within two years after the judgment sought to be vacated was rendered; and that the petition does not state facts sufficient to constitute a cause of action.

The demurrer was sustained and judgment entered accordingly; from which judgment plaintiff brings error. We do not understand that the plaintiff claims that this action is brought under the provisions of our statute, sec. 3795 R. S., 1899, which authorizes the district court to grant a new trial after the term for certain causes, among which are, "For fraud practiced by the successful party in obtaining the judgment or order," and "When such judgment or order was obtained, in whole or in a material part, by false testimony on the part of the successful party, or any witness in his behalf, which ordinary prudence could not have guarded against, and the guilty party has been convicted."

The time for commencing proceedings under this statute had expired. But plaintiff invokes the power of a. court of equity to enjoin proceedings on the judgment on the ground that it was obtained by fraud and perjury and that it would be unconscionable to enforce it. The defendant contends that the remedy provided by the statute is exclusive. But with that contention we cannot agree. Our statute appears to have been taken from the Ohio statute; and in Darst v. Phillips, 41 O. St. 514, the court said: "In our opinion this statutory remedy is merely cumulative. It is not disputed that courts of equity, prior to the statute, had jurisdiction to impeach judgments for fraud, and enjoin proceedings thereon. It is a fundamental principle that when such courts have once been legitimately vested with jurisdiction they retain it, notwithstanding courts of law subsequently acquire jurisdiction by statute or otherwise, unless the legislature abolish or restrict it." We concur in the views expressed by the Ohio court, and think the statute was intended to authorize the district court to vacate its judgment and grant a new trial after the term for the causes stated; but not to abolish or restrict courts of equity in the exercise of the power to vacate judgments at law which have been obtained by fraud or perjury, against which the unsuccessful party had no opportunity to defend.

The more difficult question in this case is, whether upon the facts stated, the plaintiff is entitled to invoke the power of a court of equity? In the original action Card claimed the right to recover upon an agreement in writing, and set out in his petition what he alleged was a true copy of that instrument, which upon its face bore date April 26, 1900, but alleged that the agreement was actually entered into about July 30, 1900, and was by mutual consent dated April 26, in order to show that his term of service at fifty dollars per month was to commence on the first of May, 1900. Harden by his answer admitted the execution of the instrument, but alleged that it was not entered into on July 30, 1900, but on April 26, 1902, and that if it bore date April 26, 1900, that the date was a mistake and it should

have been 1902 instead of 1900. Thus the date when the
agreement between the parties was in fact made was the
chief issue in the case as presented by the pleadings. While
Harden states that he was surprised by the introduction
of the instrument, the date of which he claims had been
changed, and by the false testimony of Card that it was
in fact entered into in July, 1900, we think there was
no occasion for him to be surprised at either. He certainly
must have expected that Card would offer to introduce
in evidence the original writing upon which he based his
cause of action, and that it would appear on its face to be
dated April 26, 1900. He must also have anticipated that
Card would testify that the agreement was entered into in
July, 1900, and was dated back to April 26, as stated in
his pleadings, and for the reason there stated. That he
expected Card would so testify we think quite clearly
appears from the allegation in his petition in this case,
that he believed he would be able to disprove Card's con-
tention and defeat his claim "through divers letters of
said J. W. Card to this plaintiff, a part of which were in
his possession before the trial of said other action and
through the said letters which were of the general import
and effect contrary to the contention of said J. W. Card."
It also appears from the answer in the original action that
Harden entertained some doubt as to the correctness of
the date as stated in the copy of the instrument as set
out in the petition, but he made no request for an oppor-
tunity to inspect it before the trial, which inspection he now
claims at least tends to show an alteration in its date. He
alleged that it was in fact made on April 26, 1902, and that
if it bore a different date it was a mistake. He therefore
directly put in issue the true date of the contract and, as
we have already said, that was the chief issue in the case.
There can be no doubt, we think, as to the power of a
court of equity to vacate a judgment which has been ob-
tained by fraud and perjury; but it is not an appellate
tribunal to review questions which have been tried and
finally determined in an action at law.

In the case at bar neither party claimed that the date appearing upon the face of the instrument was the true date when the contract was in fact entered into. The date appearing on the instrument was *prima facie* but not conclusive evidence of that fact, and upon the issue as presented by the pleadings it was competent to prove that the date so appearing was not the true date. Harden was a party to the contract and admitted its execution and must be presumed to have known the date it bore, and he was advised by the pleadings that Card claimed it bore date April 26, 1900. He had the opportunity to show, if he could, that the date had been changed since its execution as well as to show that the date was inserted by mistake. In Pico v. Cohn, 91 Cal. 129, the court said, "we think it is settled beyond controversy that a decree will not be vacated merely because it was obtained by forged documents or perjured testimony. The reason of this rule is that there must be an end of litigation; and when parties have once submitted a matter, or have had the opportunity of submitting it, for investigation and determination, and when they have exhausted every means for reviewing such determination in the same proceeding, it must be regarded as final and conclusive, unless it can be shown that the jurisdiction of the court has been imposed upon or that the prevailing party by some extrinsic or collateral fraud has prevented a fair submission of the controversy." And after giving illustrations of extrinsic or collateral fraud, says, "in all such instances the unsuccessful party is really prevented by the fraudulent contrivance of his adversary from having a trial, but when he has a trial he must be prepared to meet and expose perjury then and there. He knows that a false claim or defense can be supported in no other way; that the very object of the trial is, if possible, to ascertain the truth from the conflict of the evidence, and that necessarily the truth or falsity of the testimony must be determined in deciding the issue." And in United States v. Trockmorton, 98 U. S. 61, a leading case on the subject, the court said: "There are no max-

ims of the law more firmly established or of more value
in the administration of justice, than the two which are
designed to prevent repeated litigation between the same
parties in regard to the same subject of controversy,
namely : *'Interest reipublicae, ut sit finis litium,'* and *'Nemo
debet bis vexari pro una et eadem causa.'* "    *    *    *    *
"that the acts for which a court of equity will on account
of fraud set aside or amend a judgment or decree, between
the same parties, rendered by a court of competent juris-
diction, have relation to frauds extrinsic or collateral to the
matter tried by the first court, and not to a fraud in the
matter on which the decree was rendered."   The doctrine
stated in these cases was commented upon and expressly
approved in Maryland Steel Co. v. Marney, 91 Md. 360,
where other cases are cited and the reason for the rule
fully stated.   There is nothing in the facts stated in the
petition in this case that discloses that Harden was in any
way deceived as to Card's claim.   He set out in his petition
what he alleged was a true copy of the written agreement
upon which he based his claim and Harden had an oppor-
tunity to present any defense to that claim which he had,
and was not prevented from so doing by any act of Card.
He apparently relied upon the sufficiency of the evidence in
his possession to defeat that claim, and went to trial upon
the issue as to the date when the lease was annulled and
when Card commenced to work for wages.   That issue
was submitted to a jury and found against him.   He moved
for a new trial upon all of the grounds he now alleges
for a vacation of the judgment except the allegation that
the date of the instrument had been fraudulently changed
after its execution and before it was introduced in evidence.
The motion was denied and on error the judgment was
affirmed in this court.   (Harden v. Card, 15 Wyo. 217, 88
Pac. 217.)   We are of the opinion that the questions here
presented were necessarily involved in the original action
and that the plaintiff here had a fair opportunity to present
his defense and that the questions here involved were act-

ually passed upon by the jury and should not be relitigated in a court of equity.

We think the district court did not err in sustaining the demurrer to the petition upon the ground that the facts stated were insufficient to constitute a cause of action, and for that reason the judgment should be affirmed.

*Affirmed.*

POTTER, C. J., and SCOTT, J., concur.