SAMUEL T. GARDNER, *Ex. vs.* EZEKIEL E. GARDNER.

JUNE 21, 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1) Bills and Notes. Evidence. Parol Evidence Rule.*

Evidence is properly admissible in defence to an action on a promissory note, to show that the instrument never acquired original vitality, such evidence not infringing the rule excluding verbal contradiction of writings.

*(2) Bills and Notes. Evidence.*

In an action on a promissory note, by an executor, it was error to allow defendant in support of his contention that the transaction between him and testator represented a gift, to show the condition of testator's estate just prior to his death, and where it was not contended that the estate was so small that a gift of the sum in question was unreasonable, the question as to how much property testator had accumulated at any time was immaterial.

*(3) Bills and Notes. Evidence.*

The fact that testator shortly before his death gave money to his brother, the plaintiff and executor, raises no inference that the principal sum of a promissory note, received by defendant a nephew more than three years before, was a gift. Neither does the fact that plaintiff received a certain amount in consideration of his promise to care for testator for life, have any tendency to prove that testator several months later at the time of the execution of the note, had an intention to distribute his estate in accordance with some general plan and that the amount stated in the note was given defendant in execution of such plan.

ASSUMPSIT. Heard on exceptions of plaintiff and sustained.

RATHBUN, J. This is an action of assumpsit brought by the plaintiff in his capacity as executor of the will of Alfred S. Gardner, deceased, to recover from the defendant on his

promissory note which was found among the papers of the deceased. The trial in the Superior Court resulted in a verdict for the defendant. The case is before us on the plaintiff's exceptions to the rulings of the trial court made in the course of the trial, including an exception to the refusal of said justice to direct a verdict for the plaintiff.

The note was written by the defendant and is as follows: "Providence, R. I., January 15, 1918. For value received I promise to pay Alfred S. Gardner Five Thousand Dollars ($5000.00) Three years from the above date with interest at (7%) per cent. This obligation to apply as a lien on any property that I may have, or holding whatsoever. Ezekiel E. Gardner." To the note was attached revenue stamps of the denomination of one dollar.

On the day following the date of the note and at the expiration of each six months thereafter, up to and including January 16, 1920, the defendant paid to Alfred S. Gardner interest for six months in advance on the note and entered with his own hand the interest payment on the back of the note.

The court, overruling the plaintiff's objection, permitted the defendant to testify that his uncle, said Alfred S. Gardner, gave him five thousand dollars without any consideration other than the defendant's promise to pay his uncle during the lifetime of the latter an allowance equal to the interest on five thousand dollars at seven per cent; that the note was given for the purpose of concealing the real transaction from the other relatives of the payee and for the purpose of being used as a memorandum of the alleged agreement to pay said allowance. The plaintiff excepted and now contends that the admission of the above testimony violated the rule that the terms of a written contract can not be varied by parol evidence. We think the evidence was clearly admissible. The defendant was not attempting to prove that an instrument, originally valid, was to become invalid at the happening of a certain contingency. The defendant was contending that a contract to repay the principal was never

made; and that he never agreed to pay five thousand dollars to his uncle.

In *Barrett* v. *Davis,* 104 Mo., at 559, the court said: "Facts going to show that a writing never acquired original vitality as a contract are not considered as infringing the rule of evidence excluding verbal contradiction of writings." 17 Cyc., at 642, states the rule as follows: "The rules excluding parol evidence have no place in any inquiry in which the court has not got before it some ascertained paper beyond question binding and of full effect." In the cases relied upon by the plaintiff the attempt was made to show that the parties had an oral understanding that a note which was valid and binding at the time it was made should become invalid at the happening of a certain contingency.

The defendant further contends that there was no consideration for a promise to pay five thousand dollars. He admits that he received five thousand dollars but says that he received the money as a gift and not as a consideration for a promise to repay a like amount.

In *Philpot* v. *Gruninger,* 14 Wall. (U. S.) 570, the court said: "Nothing is consideration that is not regarded as such by both parties. It is the price voluntarily paid for a promisor's undertaking." And in *Fire Insurance Asso.* v. *Wickham,* 141 U. S. 564, the same court said: "The mere presence of some incident to a contract which might under certain circumstances be upheld as a consideration for a promise, does not necessarily make it the consideration for the promise in that contract. To give it that effect it must have been offered by one party and accepted by the other as one element of the contract."

In a suit brought, to recover on a note, by the original payee or by a person taking with notice, want of consideration may be shown and it may also be shown that the purported contract as expressed by the writing never was intended by the parties thereto to become a binding obligation. *Sweet* v. *Stevens,* 7 R. I. 375; *Lee* v. *Benjamin,* 40 R. I. 567; *Lopato* v. *Hayman,* 43 R. I. 271.

At the trial the defendant's counsel stated that, for the purpose of showing a motive and reason for making a gift to the defendant, he would prove that Alfred S. Gardner, at the time the note was made, had formulated a general plan for distributing his property among his relatives by gifts during his lifetime. The defendant was then permitted, over the plaintiff's objection, to prove that the plaintiff was sole legatee under the will of Alfred S. Gardner; that Alfred S. Gardner, but a few days before his death, which occurred more than three years after the transaction in question, transferred to the plaintiff bank accounts amounting to several thousand dollars; that Samuel T. Gardner, the plaintiff, received from Alfred S. Gardner fifty-five hundred dollars several months before the time of the transaction in question and that the consideration for the money was a promise made by Samuel to care for Alfred during the remainder of his life. We think it was error to admit this testimony. How much money Alfred had just prior to his death was not material, and, inasmuch as it was not contended or even suggested that his estate was so small that a gift of five thousand dollars to a nephew was an unreasonably large gift, the question as to how much property he had accumulated at any time was immaterial. The fact that Alfred, a few days before his decease, gave money to his brother Samuel, the plaintiff, with whom he had lived for several years, raises no inference that the five thousand dollars received by the nephew Ezekiel, more than three years before, was received as a gift rather than as a loan. The receipt of fifty-five hundred dollars by Samuel, in consideration for a promise to care for Alfred for life, had no tendency to prove that Alfred, several months later, at the time of the transaction in question had an intention to distribute his property in accordance with some general plan and that the five thousand dollars in question was given to Ezekiel in partial execution of such plan.

Exceptions 1, 2 and 3, and exceptions from 5 to 24 inclusive, exceptions 26 to 37 inclusive, exceptions 39 and 41

and exceptions 43 to 46 inclusive are sustained. The exception to the refusal of the trial justice to direct a verdict for the plaintiff is overruled. The remaining exceptions are all overruled and the case is remitted to the Superior Court for a new trial.

*Russell W. Richmond,* for plaintiff.

*Waterman & Greenlaw, Alfred H. Lake,* for defendant.