Donald R. COSBY, Appellant,

v.

David M. HARDING et al., Respondents.

No. KCD 28519.

Missouri Court of Appeals,
Kansas City District.

June 27, 1977.

Robert P. Gingrich, Jr., Kansas City, for appellant; Kodas, Reed & Gingrich, P. C., Kansas City, of counsel.

Dean F. Arnold and B. W. Jacob, Kansas City, for respondents; Bagby, Benjamin & Arnold, Kansas City, of counsel.

Before SWOFFORD, P. J., PRITCHARD, C. J., and DIXON, J.

PRITCHARD, Chief Judge.

This is a malpractice action brought by appellant against his former attorneys. The basis of his claim under Count I of his amended petition is that respondents failed to file a suit within an applicable 2-year statute of limitation [§ 409.411(e), RSMo 1969] for the return of purchase money, $10,000.00 and interest, which appellant had paid one John Blair for fractional interests in an oil lease. The trial court sustained respondents' motion for summary judgment as to Count I. Count II of the amended petition claimed that respondents carelessly and negligently permitted appellant's cause of action against John Blair, et al., to be dismissed by the court on or about March 5, 1974. The trial court sustained respondents' motion to strike Count II which motion was based upon admissions previously filed, "In response to requests for admissions, plaintiff has already admitted timely notification of all actions taken in Cause 754,814, both by defendant and by the Court. Further, the record shows as a matter of law that no duty on the part of these defendants beyond December 17, 1973, when they were permitted to withdraw from Cause 754,814."

As to the summary judgment upon Count I, the question is whether there remained for trial any genuine issue of fact as to the charge therein that respondents were negligent in failing to file the suit against Blair, et al., within the applicable 2 year statute of limitations, supra. The request for admissions and appellant's answers thereto must be considered.

Appellant admitted: That he met with John Blair in Camdenton, Missouri, on January 15, 1970, for the purpose of completing the purchase of the fractional interest in an oil lease, the subject matter of his suit for rescission, at which time he did not have a legal description of the oil lease, and at which time he issued a check for the purchase price and in return received an assignment of the fractional interest in the oil lease. The check to John Blair was negotiated at the same time it was issued by appellant, January 15, 1970. By request for admission No. 5, appellant was asked, "The check issued by plaintiff in payment, and the assignment of the oil lease, were backdated to December 31, 1969 and January 1, 1970, for the express purpose of gaining a tax advantage for John Blair." Appellant answered: "5. Denied. The instruments were backdated at John Blair's request for his reasons, tax advantages to him as I understood." By request for admission No. 7, appellant admitted that the dates shown on his check and on the assignment of the oil lease do not reflect the actual date the exchange of the check and assignment of the oil lease in fact took place.

■ In his brief, appellant says that it was his contention in the rescission litigation (against Blair, et al.) that the court would be required to exclude any oral and extraneous evidence of either plaintiff or defendants therein regarding the date upon which the parties met and the documents signed. He says that the defense of the statute of limitations having run was pleaded (by Blair, et al.), and states that defendants "would have prevailed on their defense, and accordingly plaintiff's suit was untimely by at least six days." This conclusory statement is by no means true, assuming that the statute of limitation question had been presented and was adjudicated, *which it was not.* At 17A C.J.S. Contracts § 359, p. 361, it is said, "In the case of a written contract, the time when it is finally executed, or the time of its delivery, is ordinarily deemed to be the time when the contract becomes binding, unless a different intent appears. A date on the writing is generally not conclusive, and if delivery is shown to have been at a different time, that time is deemed to be the date of inception of the contract, unless an intention to other effect is otherwise shown." No intention of a date otherwise than that which is shown by the admission of delivery of the

check and the assignment of the oil lease (January 15, 1970) is here shown. Compare *Matthews v. Jeremiah Burns, Inc.*, 205 Misc. 1006, 129 N.Y.S.2d 841, 845[4] (Sup.Ct.1954). And although the C.J.S. text, supra, says that the view has been taken that an instrument becomes operative as of its date, without regard to the date of delivery, there is nothing in this record to compel a different conclusion than that the contract became effective when it and appellant's check were delivered in view of his solemn and binding judicial admissions with respect thereto. Furthermore, as is stated in 32A C.J.S. Evidence § 963, p. 447, "As a general rule it is admissible to show by parol the true date of an instrument, even though such evidence may tend to vary the writing, or to supply the date when it is omitted, since the date is not generally such an important element of the agreement that the reason of the rule against parol evidence applies thereto, * * *." Appellant's admission is that the backdating of the lease and the check were for Blair's own tax purposes. It could not therefore have then or thereafter affected the rights of appellant and Blair as between themselves. It follows, then, that the date of the oil lease and assignment was on the date of their delivery, January 15, 1970, and respondents having filed suit on January 6, 1972, it was timely as a matter of law and not, under the admitted facts, beyond the 2 year period of limitation imposed by § 409.411. The court did not err in granting summary judgment on Count I of appellant's petition.

▆▆▆ Respondents were permitted to withdraw as appellant's counsel on December 17, 1973. At that time appellant's suit against Blair, et al., was viable as still pending. Under that date, appellant admitted he received a letter from the clerk of the court that the motion to withdraw as attorney of record, and as the letter shows, "In this instance you will have to engage another attorney." He admitted that he did not seek other counsel, and his suit was dismissed on March 4, 1974. It is unnecessary to pursue respondents' contention that appellant was contributorily negligent as a matter of law because he alleges that his

suit was dismissed at respondent's request, to his resultant injury. Ordinarily, the withdrawal or discharge of counsel terminates his authority to act for his client. At 7 C.J.S. Attorney and Client § 147, p. 985, it is said, "An attorney, who is without authority to take certain steps in regard to his client's matters * * * may be liable for injury suffered by the client as a result of the attorney's taking such steps. Thus, where an attorney, without authority, enters an appearance for a party, dismisses a suit, compromises his client's debt, or withdraws or enters satisfaction of a judgment without full payment thereof, he is liable to his client for the damage suffered." See also 7 C.J.S. Attorney and Client § 87, p. 908, 909, which in part says, " * * * and an attorney who has not in any way been employed or retained with reference to a suit has no authority to dismiss the same." If the facts should show that respondents affirmatively and without authority took steps to cause appellant's suit for rescission to be dismissed, then they are or may be liable to him. Thus, a genuine issue of fact remains as to who, if anyone (other than a court's dismissal for want of prosecution) caused the dismissal. The motion to strike (which is really a motion for summary judgment, so treated here) was erroneously sustained.

The judgment upon Count I is affirmed. The judgment upon Count II is reversed and as to that count, the case is remanded for further proceedings.