401 A.2d 1269.

FRAM CORPORATION *vs.* JOSEPH M. DAVIS, JR., *et al.*

MAY 24, 1979.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

584

WEISBERGER, J.   This is an appeal from a judgment of the Superior Court awarding the plaintiff, Fram Corporation, $3,505.50 in a civil action arising out of a dispute over the cancellation by the plaintiff of a contract to hire a schooner

named "Bill of Rights" (the schooner) owned by the defendant, Inter-Island Vessel Company, Inc.[1]

In February 1974, plaintiff, through its agents, contracted with defendant's agent, Joseph M. Davis, Jr., to reserve the schooner for the period September 16 to 18, 1974 during the America's Cup yacht races. The contract contained the following cancellation clause: "Cancellation requires 45 day notice to the master of the vessel; hence, deposit refundable." Acting pursuant to this clause, plaintiff purported to cancel the contract and brought this action to recover its $3,000 deposit. The trial justice, sitting without a jury, interpreted this clause as allowing cancellation within 45 days of the making of the contract. This interpretation is not challenged on appeal.

The primary issue in this case is whether the trial justice properly admitted parol evidence to show that the contract of hire for the schooner was executed on February 14, 1974, although both pages of the two-page contract bear the date February 7, 1974. The difference in dates is crucial to the issue of whether cancellation of the contract by plaintiff is proper. The plaintiff's agent who signed the contract testified that he mailed letters cancelling the contract to Davis on March 6 and March 26, 1974. This testimony was corroborated by the agent's secretary who testified that she typed and mailed both letters. Davis, however, denied receiving the letter dated March 6 but admitted receiving the letter dated March 26. He stated that he probably received the March 26 letter at the maximum four days later, or March 30, at the latest. Thus, the propriety of admitting parol evidence to establish the execution date of the contract as February 14 is the critical issue because the testimony establishes that the March 26 letter was received within 45

---

[1]Joseph M. Davis, Jr., the president and treasurer of the defendant corporation, was named as a codefendant in the complaint both in his individual capacity and as agent for the defendant corporation. On October 3, 1977, however, a stipulation was filed by Fram Corporation dismissing with prejudice the complaint against Davis in both capacities.

days after February 14, but not within 45 days after February 7.

We observe that the issue presented is one of law and not one of fact because there is substantial evidence to support the finding by the trial justice that the contract was, in fact, executed on February 14. The agent who executed the contract on plaintiff's behalf testified that he handed the deposit check to Davis at the time the contract was executed on or just after February 14. This testimony was again corroborated by the agent's secretary. The $3,000 check is dated February 14, 1974, and the secretary testified that checks were received from plaintiff's accounting department on the date of the check or a day later. She also testified that the check could not have been post-dated. Davis, however, testified that he typed the contract on February 7 and then went directly to Fram's office where the terms were agreed upon and the contract signed. He stated that he walked out of Fram Corporation with "that piece of paper in my hand" and that he received the check for the $3,000 deposit in the mail approximately a week later. Despite the evidentiary dispute, we cannot say that the trial justice was clearly wrong or misconceived or overlooked material evidence in finding that the contract was executed on February 14, 1974. *LaPorte* v. *Ramac Associates*, 121 R.I. 82, 385 A.2d 719 (1978); *Gaglione* v. *Cardi*, 120 R.I. 534, 388 A.2d 361 (1978).

The issue therefore is whether the trial justice properly admitted evidence to show that the contract was executed on a date other than the date on the face of the document. The defendant contends that the agreement, which was clearly dated February 7, 1974, is unambiguous and that the admission of parol evidence regarding the date of execution of the contract only served to create an ambiguity. Thus, the defendant argues the admission of such evidence violated the parol evidence rule.

The parol evidence rule states that in the absence of fraud or mistake, parol evidence of prior or contemporaneous

agreements is generally inadmissible for the purpose of varying, altering or contradicting a written agreement. *Industrial National Bank* v. *Peloso*, 121 R.I. 305, 397 A.2d 1312 (1979); *American Underwriting Corp.* v. *Rhode Island Hospital Trust Co.*, 111 R.I. 415, 303 A.2d 121 (1973); *Healy* v. *Tidewater Oil Co.*, 104 R.I. 81, 242 A.2d 298 (1968); *Supreme Woodworking Co.* v. *Zuckerberg*, 82 R.I. 247, 107 A.2d 287 (1954). The parol evidence rule is not a rule of evidence but a rule of substantive law. *H.P. Hood & Sons* v. *Reali*, 308 F.Sup. 788 (D.R.I. 1970); *American Underwriting Corp., supra; Philip Carey Manufacturing Co.* v. *General Products Co.*, 89 R.I. 136, 151 A.2d 487 (1959); Restatement (Second) of *Contracts* §239, comment at (1973). The parol evidence rule does not exclude evidence because it is untrustworthy or an undesirable means of establishing a fact. The rule declares that certain kinds of facts are not to be considered as a matter of substantive law. *Golden Gate Corp.* v. *Barrington College*, 98 R.I. 35, 199 A.2d 586 (1964). The basis of the rule is that a complete written agreement merges and integrates all the pertinent negotiations made prior to or at the time of execution of the contract. *See Supreme Woodworking Co., supra; Quinn* v. *Bernat*, 80 R.I. 375, 97 A.2d 273 (1953); *see generally* 4 Williston *Contracts*, §631 at 953-58 (3d ed. 1961). Accordingly, we have consistently viewed this rule of substantive law as applying only to integrated agreements. *See Golden Gate Corp., supra; Del Sesto* v. *Turchetta*, 85 R.I. 474, 133 A.2d 130 (1957); *accord, Friestad* v. *Travelers Indemnity Co.*, Pa. Super., 393 A.2d 1212 (1978); Restatement (Second) of *Contracts* §129. Further, we have stated that an integrated document is one where the parties adopt a writing or writings as a final and complete expression of the agreement, and that parol evidence of preliminary negotiations is admissible to determine if a contract is "integrated." *Golden Gate Corp., supra.* Thus, when parties to a contract have adopted a written agreement as the final expression of their intention in regard to a portion of or the entire subject matter of the transaction, all other expressions of intention that have occurred prior to or contemporaneous

with the making of the agreement are immaterial in ascertaining the terms of the transaction. *Friestad, supra.*

We recognized in *Golden Gate Corp., supra,* that even where the prior or contemporaneous writings or oral negotiations added to, varied, altered, or contradicted the terms of a subsequent unambiguous writing, the parol evidence rule had been held to be "inapplicable" in certain instances:

> "For example, we have held that parol of extrinsic evidence is admissible to show that the actual consideration for a deed is other than as therein set forth, *Del Sesto* v. *Turchetta,* 85 R.I. 474; or to bring out all the circumstances surrounding a transaction, *Amado* v. *Ken-Mac Motors, Inc.,* 83 R.I. 452; or to show the existence of a condition precedent which would prevent a subsequent written instrument from taking effect, *Allen* v. *Marciano,* 79 R.I. 98; or to establish that there was no consideration for a note and that its delivery was conditional, *Lopato* v. *Hayman,* 43 R.I. 271; or to show a different consideration from that stated in a release, *Wood* v. *Moriarty,* 15 R.I. 518; or to show the original invalidity of a negotiable instrument, *Gardner* v. *Gardner,* 45 R.I. 214; or to complete a writing that is incomplete and which it is apparent from an inspection of the writing does not include the entire agreement of the parties, *Myron* v. *Union R.R.,* 19 R.I. 125." 98 R.I. at 40-41, 199 A.2d at 589-90.

We have also consistently stated that parol or extrinsic evidence is admissible to demonstrate that the taking effect of instruments such as promissory notes, contracts of sale, or deeds, is to be conditioned upon the performance of some future act or the happening of some future occurrence. *Sarni* v. *Armada,* 118 R.I. 348, 373 A.2d 822 (1977); *American Underwriting Corp., supra, see Parrillo* v. *Siravo,* 101 R.I. 524, 225 A.2d 414 (1967).

While the foregoing cases may have been described as instances in which the parol evidence rule was "inapplicable," the rationale which underlies these cases is that the

instruments or agreements involved were not "integrated," *e.g., Del Sesto, supra,* or that the parol evidence was admitted on the issue of whether the contract ever went into effect. *See Parrillo* v. *Siravo,* supra; *Sweet* v. *Stevens,* 7 R.I. 375 (1863); 4 Williston, *supra,* §634 at 1017-18. In none of these cases did the admission of parol evidence violate the rule that such evidence of prior or contemporaneous negotiations or agreement is inadmissible to alter, vary, or contradict the terms of an integrated written agreement.

In the light of the foregoing principles, we must determine whether the trial justice properly admitted testimony to demonstrate that the contract in the present case was executed on a date subsequent to the date on its face. In resolving this issue we are mindful that in an overwhelming number of jurisdictions, parol evidence is admissible to show that the actual date of execution of a contract is different from the dated stated on the contract face.[2] Indeed, the Supreme Court reached an identical conclusion in *District of Columbia* v. *Camden Iron Works,* 181 U.S. 453, 21 S. Ct. 680, 45 L. Ed. 948 (1901). There the Supreme Court was faced with the task of interpreting a construction contract

---

[2]*E.g. Davidson* v. *Poague,* 263 F. 876 (7th Cir. 1920); *Stallworth* v. *McFarland,* 350 F. Supp. 920 (W.D. La. 1972) *aff'd,* 493 F.3d 1354 (5th Cir. 1974); *Bankers & Shippers Ins. Co.* v. *Blackwell,* 260 Ala. 463, 71 So. 2d 267 (1954); *Jones* v. *First Nat'l Bank,* 206 Ala. 203, 89 So. 437 (1921); *Steele* v. *Conway,* 135 Cal. App. 2d 363, 287 P.2d 189 (1955); *Artukovich* v. *Pac. States Cast Iron Pipe Co.,* 78 Cal. App. 2d 1, 176 p.2d 962 (1947); *Sharpe* v. *Herman A. Thomas, Inc.,* 294 So. 2d 14 (Fla. Dist. Ct. App. 1974); *Irwin* v. *Dailey,* 216 Ga. 630, 118 S.E. 2d 827 (1961); *Georgia Cas. & Sur. Co.* v. *Almon,* 122 Ga. App. 42, 176 S.E. 2d 205 (1970); *Ratcliff* v. *Dick Johnson School Tp.,* 204 Ind. 525, 185 N.E. 143 (1933); *Canaras* v. *Lift Truck Serv. Inc.,* 272 Md. 337, 322 A.2d 866 (1974); *Eastover Stores, Inc.* v. *Minnix,* 219 Md. 658, 150 A.2d 884 (1959); *Hindenlang* v. *Mahon,* 225 Mass. 445, 114 N.E. 684 (1917); *Southdale Center, Inc.* v. *Lewis, 260 Minn. 430, 110 N.W. 2d 857 (1961); Cosby* v. *Harding,* 553 S.W. 2d 535 (Mo. Ct. App. 1977); *Farmers State Bank* v. *Bank of Plymouth,* 120 Neb. 663, 234 N.W. 626 (1931); *Draper* v. *Snow,* 20 N.Y. 331 (1859); *Shelton* v. *Am. Ins. Union,* 41 Ohio App. 512, 181 N.E. 497 (1931); *Smilow* v. *Dickerson,* 357 Pa. 455, 54 A.2d 883 (1947); *Roach* v. *Williams,* 109 S.C. 29, 95 S.E. 120 (1918); *Gen. Ins. Co.* v. *Henich,* 13 Utah 2d 231, 371 P.2d 642 (1962); *Olsen* v. *Reese,* 114 Utah 411, 200 P.2d 733 (1948); *Cowles Pub. Co.* v. *McMann,* 25 Wash. 2d 736, 172 P.2d 235 (1946).

which stated that the work was to be completed 136 days "after the date of the execution of the contract." The alleged date of execution, however, was different from the date emobided in the contract. Nevertheless, the Court held that parol evidence had been properly admitted to prove the actual date of execution:

> "It is well settled that, in such circumstances, it may be averred and shown that a deed, bond or other instrument was in fact made, executed and delivered at a date subsequent to that stated on its face." *Id.* at 461, 21 S. Ct. at 683, 45 L. Ed. at 953.

Similarly, in *Eastover Stores, Inc.* v. *Minnix,* 219 Md. 658, 140 A.2d 884 (1959), the plaintiff sought to enforce a mechanics' lien against the owners of a shopping center. The dispute was whether September 19, the date of execution of the construction contract, or August 29, the date stated in the written agreement, should be controlling under the clause providing that the work "performed under this contract shall be commenced immediately and shall be substantially completed in 330 days." The court held that parol evidence had been properly admitted. The basis of this conclusion was that the parties had not manifested final assent until September 19, and that the parties had not agreed to commence work "immediately" on August 29. The court also stated that the phrase concerning commencement of work was ambiguous so that the starting time for work was uncertain, thereby making parol evidence admissible to resolve the ambiguity.

We believe that the principles underlying the disposition in the above cases are controlling here. In the present case the cancellation clause was contained under the heading "Remarks and Amendments" on page two of the contract. Further, witnesses for both parties testified that the cancellation clause was inserted at plaintiff's offices on the day the contract was executed. Clearly, no integrated contract existed before that date. The contract including the February 7 date, however, had been typed by Davis before he went to plaintiff's offices. Further, no evidence was introduced by defendant to show that the parties intended to be bound by

the date on the contract face or to show that the obligation was to attach retroactively. Accordingly, we believe the date on the contract did not have unseverable significant as part of a final agreement of the parties and that parol evidence was properly admitted to establish the actual date of execution.[3]

The defendant also contends on appeal that the trial justice erred in admitting evidence that the contract was executed on February 14, 1974, when plaintiff's complaint alleges the contract was executed on February 7. The defendant states that the evidence regarding the true date of execution was admitted over objections that the contract spoke of itself and that plaintiff's attorney was attempting to impeach his own witness. Under the provisions of Super. R. Civ. P. 15(b), an issue which is tried by the express or implied consent of the parties shall be treated in all respects as if it had been pleaded even in the absence of amendment. *Kenney* v. *Providence Gas Co.*, 118 R.I. 134, 372 A.2d 510 (1977); *Halpert* v. *Rosenthal*, 107 R.I. 406, 267 A.2d 730 (1970). In this case defendant did not object to evidence of the date of execution on the ground that it had not been raised as an issue in the pleadings. Therefore, in the absence of such an objection on this ground, the issue of the true date of execution must be treated as if tried by implied consent. *See Norris* v. *Bovina Feeders, Inc.*, 492 F.2d 502 (5th Cir. 1974); *United States Fidelity & Guaranty Co.* v. *United States*, 389 F.2d 697 (10th Cir. 1968); *Ellis* v. *Arkansas Louisiana Gas Co.*, 450 F. Supp. 412 (E.D. Okla. 1978); *McDuffie* v. *Hooper*, 294 Ala. 293, 315 So. 573 (1975); *In Re Estate of McCauley*, 101 Ariz. 8,

---

[3]The date of a written instrument has been described as a formal or insignificant part, *see Flett Constr. Co.* v. *Williams*, 210 Kan. 28, 500 P.2d 54 (1972); *Harrison* v. *Trustees of Phillips Academy*, 12 Mass. 456 (1815); *Cosby* v. *Harding*, 553 S.W. 2d 535 (Mo. Ct. App. 1977) (check and assignment of oil lease), and as presumptive evidence of the date of execution which may be rebutted. *See Artukovich* v. *Pac. States Cast Iron Pipe Co.*, 78 Cal. App. 2d 1, 176 P.2d 962 (1947); *Ratcliff* v. *Dick Johnson School Tp.*, 204 Ind. 525, 185 N.E. 143 (1933); *Harden* v. *Card*, 17 Wyo. 210, 97 P. 1075 (1908). We do not take issue with the appropriateness of such descriptions. We believe, however, that the proper thrust of an inquiry regarding the date of execution of a contract is to determine whether the date in the document is an unseverable element of an integrated agreement.

415 P.2d 431 (1966); *State* v. *Orton,* 465 S.W. 2d 618 (Mo.), *cert. denied,* 404 U.S. 852, 92 S. Ct. 90, 30 L. Ed. 2d 92 (1971); *Tenzer, Greenblatt, Fallon & Kaplan* v. *Abbruzzese,* 57 Misc. 2d 783, 293 N.Y.S 634 (1968); *Roberts* v. *William N. & Kate B. Reynolds Memorial Park,* 281 N.C. 48, 187 S.E. 2d 721 (1972). This doctrine prevents a party from raising the question of a variance between pleading and proof for the first time on appeal without having given his opponent or the trial justice an opportunity to take action in respect to the pleadings to cure the variance. *See Schwedler* v. *Galvan,* 46 Ill. App. 3d 630, 360 N.E. 2d 1324 (1977).

In this case it is clear that the issue of the execution date of the contract was litigated by the parties and that the defendant did not specifically object to the introduction of that evidence on the ground that the issue was not raised in the pleadings. We accordingly reject the defendant's contentions.

The defendant's appeal is dismissed, the judgment is affirmed and the case is remanded to the Superior Court.

*Hinckley, Allen, Salisbury & Parsons, Paul V. Curcio,* for plaintiff.

*Zimmerman, Roszkowski & Brenner, Joseph J. Roszkowski,* for defendants.