[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter came before this Court on a complaint for declaratory judgement pursuant to the Uniform Declaratory Judgement Act R.I.G.L. 1956 (1988 Reenactment) chapter 30 of title 9. Plaintiff is seeking declaratory relief in the amount of $6,290.10 plus interests and costs pursuant to his employment contract with the Town of Lincoln.
The facts stipulated to by both parties indicate that plaintiff, Joseph M. Perrotta (hereinafter, "Plaintiff"), was hired by the Town of Lincoln as its full time building custodian on March 31, 1979. Defendant, Claudette Paine, is the Finance Director for the Town of Lincoln. Plaintiff remained in his job with the Town of Lincoln until March 6, 1987 when he voluntarily terminated his position at the age of fifty eight years and six months. At the time that plaintiff terminated his position, there was in effect a union contract between the Town of Lincoln and the Rhode Island Laborers' District Council of the Laborers' International Union of North America on behalf of Local Union 1033. The terms of said contract governed the employees of the Town and Town Hall of Lincoln and thus governed plaintiff's employment. The contract was effective July 1, 1986 through June 30, 1988. Plaintiff did not file a grievance under the employment contract.
On or about July 7, 1987 plaintiff filed a petition with the Town Council of the Town of Lincoln requesting compensation for unused sick days under his employment contract. Prior to the effective date of the union employment contract, plaintiff had accumulated 120 and 1/2 sick days. Article XV § 7 of the employment contract provides in part:
 "Effective July 1, 1986, an Employee covered by this Agreement shall receive a cash reimbursement for all unused sick leave upon retirement (defined as 60 years of age) provided, however, that the reimbursement shall not exceed the value of ninety (90) days of sick leave."
Plaintiff contends that said provision in the contract entitles him to compensation for 90 days of sick leave when he reaches the age of 60. However, defendant maintains that the provision in the contract bars plaintiff from collecting because plaintiff had not reached 60 years of age on the date he terminated his position. On or about September 15, 1987 the Town Council denied plaintiff's claim. This denial eventually led to the filing of a complaint for declaratory judgement with this court to determine plaintiff's rights under the contract.
Our Supreme Court has consistently held that "clear and unambiguous language set out in a contract is controlling in regard to the intent of the parties to such contract and governs the legal consequences of its provisions." Elias v. Youngken,493 A.2d 158, 163 (R.I. 1985) (quoting Chapman v. Vendresca,426 A.2d 262, 264 (R.I. 1981)); see also Dudzik v. LeesonaCorp., 473 A.2d 762, 765 (R.I. 1984). The employment contract governing the terms and conditions of plaintiff's employment was in effect at the time of his termination and contains a provision pertaining to compensation for unused sick days. Furthermore, Article XXI § 1 of the contract contains an integration clause stating that the agreement contained:
 "the complete Agreement between the parties covering rates of pay, wages, hours of employment, working conditions and all other terms and conditions of employment and no additions, waivers, deletions, changes or amendments shall be made during the life of the Agreement except by the mutual consent in writing of the parties hereto."
It is clear from the face of the contract that a cash reimbursement for unused sick days, not to exceed ninety days, will be granted upon the employees retirement, which the contract defined as 60 years of age. Because plaintiff did not meet the required age of 60 years on the date he terminated his position he is not entitled to the compensation under the terms of the agreement.
The defendant submitted evidence pertaining to the practice of the Town in reference to its compensation for unused sick days prior to the date of the contract which was in effect when Plaintiff terminated his position. It is well settled that such information is inadmissible to alter the terms of an integrated writing under the parol-evidence rule. In Fram Corp. v. Davis,
our Supreme Court held:
 "when parties to a contract have adopted a written agreement as the final expression of their intention in regard to a portion of or the entire subject matter of the transaction, all other expressions of intention that have occurred prior to or contemporaneous with the making of the agreement are immaterial in ascertaining the terms of the transaction".
121 R.I. 583, 587-88, 401 A.2d 1269 (1979).
Unless the evidence is offered to show fraud, mistake or a condition precedent to the existence of the contract, it is prohibited under the parol-evidence rule. Lisi v. Marra,424 A.2d 1052, 1055 (R.I. 1981); see also Inleasing Corp. v. Jessup,475 A.2d 989, 993 (R.I. 1984); Dudzik v. Leesona Corp., 473 A.2d at 766; Fram Corp. v. Davis, 121 R.I. at 586-88, 401 A.2d at 1272-73. Parol evidence may be admitted to supplement a writing which is incomplete or ambiguous on its face. James Wells v. UvexWinter Optical, Inc. et al, January 19, 1994, No. 92-405-Appeal at 7. Because there is no showing of fraud, mistake or condition precedent and the employment contract is a fully integrated instrument, this Court finds that no extrinsic evidence should be considered. Accordingly, this Court finds that the express terms and conditions set forth in the contract prevail and declares that no compensation for unused sick days is due the plaintiff.
Counsel shall submit the appropriate order for entry.