70 F.3d 110
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
The CONNECTICUT NATIONAL BANK, Plaintiff, Appellee,
v.
Robert P. BARSAMIAN, et al., Defendants, Appellants.
 No. 93-1241.
 United States Court of Appeals, First Circuit.
 Nov. 21, 1994.
 
 Appeal from the United States District Court for the District of Rhode Island [Hon. Francis J. Boyle, Senior U.S. District Judge].
 Patricia A. Buckley, with whom Joseph A. Kelly and Carroll, Kelly & Murphy were on brief for appellants.
 Robert M. Duffy, with whom Hinckley, Allen & Snyder was on brief for appellee.
 D.R.I.
 AFFIRMED.
 Before SELYA, Circuit Judge, BOWNES, Senior Circuit Judge, and CYR, Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendants-appellants, guarantors of certain demand promissory notes executed by a defunct corporate borrower in favor of plaintiff-appellee Connecticut National Bank d/b/a Shawmut Bank of Rhode Island ("Shawmut"), seek to set aside the district court judgment entered against them. Appellants claim that the district court erred in excluding evidence of certain parol representations allegedly made by a Shawmut agent before the demand promissory notes were executed in behalf of the borrower and prior to their execution of the personal guaranties. Appellants further contend that the proffered parol, at the very least, should have been admitted in support of their estoppel defense to the action on their loan guaranties and as affirmative evidentiary support for their counterclaim that Shawmut breached its duty of good faith and fair dealing under Rhode Island law.
 
 
 2
 We will apply current Rhode Island law in this diversity action. Crellin Technologies, Inc. v. Equipmentlease Corp., 18 F.3d 1, 4 (1st Cir.1994). Without either forecasting or trammeling further development in the Rhode Island parol evidence rule, we note simply that the district court ruling in no respect offends current Rhode Island law. The Rhode Island Supreme Court has yet to address the broad question urged by appellants: whether the parol evidence rule precludes, permits or requires consideration of parol evidence in determining whether a particular writing embodies an integrated agreement. Cf. Fram Corp. v. Davis, 401 A.2d 1269, 1272 (R.I.1979). But for the fact that it is pivotal to appellants' claims, Fram is an unremarkable case which simply upheld the trial court's consideration of parol evidence in determining the actual date on which a written agreement had been executed where it was clear that the date appearing in the writing was entered by mistake. See Inleasing Corp. v. Jessup, 475 A.2d 989, 993 (R.I.1984) (" '[I]n the absence of fraud or mistake, parol evidence of prior or contemporaneous agreements is generally inadmissible for the purpose of varying, altering or contradicting a written agreement.' ") (emphasis added) (citation omitted).
 
 
 3
 As appellants allege neither fraud nor mistake, and the proffered parol clearly contradicts the explicit provision in the promissory notes calling for payment on demand, the district court ruling comports with current Rhode Island law. Finally, as the estoppel defense and the counterclaim likewise were entirely dependent upon the parol evidence excluded by the district court, summary judgment was properly granted for Shawmut both on its claims against the guarantors and on appellants' counterclaim.
 
 
 4
 The district court judgment is affirmed; costs to appellee.