DECISION
This matter was heard by this Court sitting without a jury on March 6, 1995. At issue are three financial transactions entered into between the parties in 1980. Mario and Francis Marseglia ("Plaintiffs") argue that the debts accrued through these transactions were repaid pursuant to an oral agreement between the parties, with the transfer of stock from Plaintiffs to Albert Shackleton Jr. ("Defendant"). Plaintiffs bring this action in order to remove two outstanding mortgages on their residence filed on behalf of the Defendant securing the debt of two of the transactions. Defendant states he did not enter into any oral agreement amending the repayment terms of these transactions and, therefore, counterclaims for the principal and accruing interest on this debt.
At the close of Plaintiffs' case, Defendant moved for a directed verdict. This Court denies Defendant's motion and will make findings of fact and conclusions of law based upon the evidence and testimony presented during trial.
Facts/Travel
The parties entered into three financial transactions between March 31, 1980 and May 22, 1980. Testimony and exhibits indicate that the first two transactions were evidenced by promissory notes and were secured by a mortgage on Plaintiffs' residence at 226 Wayland Avenue, Cranston, Rhode Island.
Defendant first loaned Plaintiff $4,500.00 on March 31, 1980 ("Note One"). The note was payable within ninety (90) days together with interest on unpaid principal at eighteen (18) percent per annum. The mortgage deed was recorded on April 1, 1980. Defendant's second loan to Plaintiff, in the amount of $4000.00, occurred on May 5, 1980 ("Note Two"). Note Two was payable within sixty (60) days at eighteen (18) percent per annum. The mortgage deed on Note Two was recorded on May 6, 1980. A third loan for $10,000 took place on May 22, 1980 at which time forty-nine (49) shares of MTA Corporation were transferred from Plaintiff to Defendant as well as an assignment, from Plaintiff to Defendant, of Plaintiffs' thirty-two (32) percent interest in Bald Hill Associates, a RI partnership. This assignment was recorded on June 5, 1980. Defendant also presented a handwritten itemization by Plaintiff, evidencing work done on Defendant's automobiles since these loan transactions were entered into by the parties. See Exhibit D.
The Plaintiffs claim the assignment and transfer of stock on or about May 22, 1980, fully satisfied the accrued debt between the parties, entitling Plaintiffs to a release of the mortgages encumbering their residence. The Defendant states he entered into no agreement releasing the Plaintiffs from their repayment obligations and that the debts remain outstanding. Defendant argues that Exhibit D demonstrates that Plaintiffs were attempting to repay the debt even after the stock was exchanged by virtue of their auto work. Consequently, Defendant has filed a counter-claim for $25,215.16 in principal and interest. At issue is whether the parties entered into an oral agreement by which these two promissory notes and the mortgages securing same would be satisfied upon the transfer of stock by the Plaintiff to the Defendant and whether such evidence is admissible in this proceeding.
The Parol Evidence Rule
The parol evidence rule is an exclusionary rule. The purpose of the rule is to give legal effect to the written expression of the parties' agreement and to exclude all prior negotiations, whether written or oral, thereby simplifying the administration of the resulting contract. Patton v. Mid-Continent System,841 F.2d 742 (7th Cir. 1988).
The parol evidence rule provides "in the absence of fraud or mistake, parol or extrinsic evidence is not admissible to vary, alter or contradict a written agreement." St. Paul Fire MarineInc. v. Russo Bros., 641 A.2d 1297, 1299 (R.I. 1994); seealso RESTATEMENT (SECOND) CONTRACTS §§ 213, 214 (1981). This is a substantive area of the law, not procedural or evidentiary, and attaches when "parties to an agreement have adopted a written agreement as a final expression of their intention in regard to a portion of or the entire subject matter of the transaction."Fram Corp. v. Davis, 121 R.I. 583, 586-87, 401 A.2d 1269, 1272 (1979). The rule makes inadmissible prior understandings or agreements for the purpose of contradicting or altering the terms of a written contract. See Wells v. Uvex Winter Optical,Inc., 635 A.2d 1188, 1192 (R.I. 1994).
Plaintiff and Defendant were the only individuals who testified at trial. Testimony of the only witness to the alleged oral agreement, Lawrence Gould, was presented through deposition testimony.
Assuming, arguendo, that such parol evidence were admissible, this Court finds Mr. Gould's testimony lacking in clarity and credibility as to the time frame in which the alleged oral agreement was entered into by the parties. Neither the Plaintiff nor Lawrence Gould could recall whether the alleged oral agreement was entered into prior to, contemporaneously with, or after the financial agreements thus rendering the parties' testimony of the timing conflicting and unclear.
What is clear and unequivocal are the written payment terms in Note One and Note Two. The terms call for payment in ninety (90) and sixty (60) days, respectively, at eighteen (18) percent interest; no other conditions are expressed. Similarly, the mortgage deeds are silent regarding terms of repayment.
Plaintiffs have failed to meet their burden as to why the parties drafted promissory notes, mortgage agreements, and stock certificates but did not bother to draft mortgage releases evidencing the alleged oral agreement. Furthermore, Plaintiffs' rebuttal to Defendant's Exhibit D, the list of repairs made by Plaintiff to Defendant's automobiles, is not credible. Plaintiff states that he simply gratuitously passed along his discount for auto repair to the Defendant, while retaining a ledger of same for himself. The argument is neither persuasive nor credible.
Accordingly, after a review of the evidence, this Court finds that Note One and Note Two remain outstanding and their respective mortgage deeds remain in effect.
With respect to the counter-claim, Defendant states he is owed $25,215.16 in principle and interest from the Plaintiff. However, Defendant has presented evidence that during the mid to late 1980's Plaintiff repaid, through cash and labor, $5,760.00 of the $8,500.00 owed. Although Defendant is entitled to his eighteen (18) percent interest until the time judgment is entered, Defendant's calculation of eighteen (18) percent on the full $8,500.00 for over fourteen years is incorrect as the evidence demonstrates that partial payment was made through Plaintiff's auto repair work. Counsel shall meet with the Court and schedule a brief hearing for the sole purpose of determining the correct figure.
For the reasons stated herein, this Court finds that the Plaintiffs remain indebted to the Defendant on Notes One and Two. Consequently, the respective mortgages on Plaintiffs' residence are not discharged.
Counsel shall submit the appropriate judgment for entry.