[Civ. No. 6513.   Third Appellate District.—March 24, 1941.]

JAMES A. TAYLOR et al., Respondents, v. FRED H. LUND-BLADE, Appellant.

Hill & Hill for Appellant.

Ralph W. Scott for Respondents.

PULLEN, P. J.—This appeal is from an order denying defendants' motion for a change of venue.

The amended complaint filed in the county of Del Norte, alleges misrepresentation in the sale of a tractor, the terms

of which were embodied in a written agreement, and also alleges the agreement was made and entered into in the county of Del Norte.

The motion was made upon the grounds that the residence of the defendants was in the county of Humboldt, and that the written agreement was executed at Eureka, Humboldt County.

■ It is the principal defense of plaintiffs, the respondents herein, that the agreement here in controversy was in fact entered into in the county of Del Norte, and therefore, under section 395 of the Code of Civil Procedure, Del Norte is a proper county for the trial of the action. With this contention we are in accord. Section 395 of the Code of Civil Procedure as amended, provides:

" . . . When a defendant has contracted to perform an obligation in a particular county, either the county where such obligation is to be performed, or in which the contract in fact was entered into, or the county in which the defendant . . . resides . . . shall be a proper county for the trial . . . ".

It is claimed by respondents not only by the allegations of the amended complaint but by the affidavit of James A. Taylor that the contract was in fact made in Del Norte County. It is charged in the affidavit, and not denied, "that the contract referred to in the amended complaint herein, made and entered into on or about May 16, 1939, was in fact executed in the office of Klamath California Redwood Company, at Klamath, Del Norte County, California; said contract was signed by said affiant as general manager of said Klamath company and by Fred H. Lundblade in behalf of himself and/or Fred H. Lundblade Company at the aforesaid office in Klamath; that Mr. Lundblade brought the said contract or written instrument with him from Eureka and called at the office of Klamath California Redwood Company at Klamath, Del Norte County, at which place said contract was signed; that all negotiations, discussions and arrangements pertaining to the contract were had at Klamath, California, and were not had at Eureka or within the county of Humboldt; that at the time said contract was presented to this affiant for signature, it had been previously typed and prepared for execution."

It is to be noted that the legislature, in determining the place of trial, did not provide the proper county was where

the contract may have been made, or where the contract declared it to have been made, or where the parties may have stipulated it was made, but declared that the county where the contract was *in fact* made is the proper county for the commencement of the action.

▮ Appellant contends that because the attestation clause of the contract recites, ''In witness whereof the parties have hereunto set their hands . . . the day and year first above written at Eureka, Calif.'', that such recital is conclusive, and that the attempt to prove the contract was made in fact in Del Norte County, violates the parol evidence rule, citing sections 1962 and 1856 of the Code of Civil Procedure.

The attestation clause and particularly the recital therein that the contract was executed at Eureka was not a material part of the agreement, and it has on several occasions been held that the foregoing cited sections of the Code of Civil Procedure do not extend to non-essential facts in the contract.

To this effect is the rule expressed in *Gas Appliance Sales Co.* v. *W. B. Bastian Mfg. Co.*, 87 Cal. App. 301 [262 Pac. 452], where the court said:

''The conclusive presumption of the truth of facts recited in a written instrument, between the parties thereto, as declared by the provisions of section 1962, subdivision 2, of the Code of Civil Procedure, has reference only to the essential facts therein contained which are necessary to determine the obligations or liabilities of the contracting parties (citing cases), and does not preclude the contradiction of the unessential designation of the mere time and place of the execution of the contract by extrinsic evidence. Although a contract may purport to have been executed in one county, upon competent evidence that it was in fact approved, executed, and mailed by one of the contracting parties, from another county, and that it was not finally accepted or executed until the mailing thereof, the contract will be deemed to have been consummated and become binding at the time and place where the last act necessary to its validity was performed. . . . While the place of execution designated in a contract is *prima facie* the location where it is made, this may be rebutted by other evidence. The term 'date' as it is used in section 1963, subdivision 23, of the Code of Civil Procedure, includes both the time and the place when and where the written instrument is deemed to have been made.''

It seems only necessary to recall one of the primary rules of statutory construction, to the effect that the intention of the legislature will be determined so far as possible from the language of the statute, read as a whole, and if the words of the enactment, given their ordinary and popular signification, are reasonably free from ambiguity and uncertainty, the courts will look no further to ascertain its meaning. (23 Cal. Jur. 730.)

Applying this principle we find the language of section 395 of the Code of Civil Procedure clear and unambiguous, and this section was evidently enacted to correct some abuse in the change of place of trials.

The order is affirmed.

Thompson, J., and Tuttle, J., concurred.