[Civ. No. 8616.   Third Dist.   Sept. 8, 1955.]

KELTON STEELE et al., Appellants, v. DAN W. CONWAY et al., Respondents.

Sefton & Gartland and Seibert L. Sefton for Appellants.

Woodman, Leddy & Sautter, G. D. Schilling, Samuel Reisman and John T. Leddy for Respondents.

SCHOTTKY, J.—Charles R. Barnum and G. Kelton Steele commenced an action against Dan W. Conway and Sylvia J. Conway in which they sought a declaration of their rights under a certain logging and timber contract. The trial court found in favor of defendants and determined that plaintiffs had no right to the timber on defendants' land. Plaintiffs' motion for a new trial was denied and they have appealed from the judgment entered in said action. Plaintiff Charles R. Barnum died after the trial of the action and his executors have been substituted as party plaintiff.

Before discussing the contentions of appellants we shall give a brief summary of the evidence shown by the record. For the sake of clarity each plaintiff will be referred to by his name, or as appellants when both are referred to; and each defendant will be referred to by his or her name, or as respondents when both are referred to.

Prior to 1949 Mr. and Mrs. Merillon were the owners of approximately 21,000 acres in Humboldt County, on which property was located a large stand of merchantable timber. On October 10, 1949, respondents signed a deposit receipt to purchase 6,400 of the 21,000 acres owned by the Merillons. The property was to be transferred subject only to encumbrances of record. By a deed dated December 12, 1949, the Merillons deeded the 6,400 acres to respondents; also, by an assignment signed and dated November 9, 1949, the Merillons assigned ''all of their right, title and interest in and to all Contracts for the sale of timber now in existence, whether of

record or unrecorded," affecting the 6,400 acres, to the respondents. These documents were recorded on March 22, 1950.

The contract concerning the timber on these lands will be referred to as the Mason timber contract. This contract is the basis of plaintiffs' action. The basic contract was dated March 1, 1949, whereby the Merillons contracted to sell all the timber on the 21,000 acres to a Mr. Mason and a Mr. Davis. The contract is a long one with several provisions, one of which provided that the contract could not be assigned by the buyers without first obtaining the written consent of the seller. Express consent was given for an assignment of the buyers' interest to a corporation to be formed by the buyers, which was within the express contemplation of the parties.

In the second addendum to the contract, which addendum was dated September 1, 1949, it appears that Mr. Davis had withdrawn from association with Mr. Mason and had executed a release of his interest to Mason, so that it was agreed that Davis had no further connection with the agreement and that the buyer under the agreement was Mason alone. Written consent was also given to Mason to assign the basic agreement to a corporation which he had formed, known as the Mason Logging Company. All of these documents, the basic agreement and addenda, were acknowledged on July 17, 1950. (The trial court found that such documents had also been signed on that day, July 17, 1950.) These documents were recorded on July 17, 1950.

By a deed dated September 1, 1950, the Merillons transferred the remaining acreage, about 15,000 acres, to appellants. On September 1, 1950, the Merillons also assigned their sellers' interest in the timber contract to appellants. These documents were both recorded on October 26, 1950.

By an assignment dated September 28, 1950, the Mason Logging Company assigned the buyer's interest in its contract to appellants. This was not recorded until February 21, 1951.

On November 8, 1950, respondents signed a letter dated October 20, 1950, which purported to come from the Merillons and it requested respondents to acknowledge that they had purchased their 6,400 acres subject to the Mason timber contract, which was not of record at the time respondents purchased. This letter was recorded on November 9, 1950. The trial court held that respondents signed this acknowledgment without knowing all the facts and circumstances connected with it and through concealment and misrepresentation of facts by appellants.

The court made findings of fact which are divided into two parts: (A) General findings of fact, and (B) alternative findings of fact.

Among the general findings of fact it is set forth that the Mason timber contract and its addenda had not been executed on the date shown thereon, but had in fact been executed on or about July 17, 1950; that on or about September 28, 1950, the assignment by Mason Logging Company to appellants was made without the prior knowledge or consent of respondents; that the signature of respondents to the letter dated October 20, 1950, was obtained by fraud and misrepresentations by the appellants, who knowingly and intentionally, and for the purpose of deceiving respondents, represented and caused respondents to believe that the Mason timber contract was in full force and effect prior to the purchase by respondents from the Merillons when in truth and in fact appellants knew that such contract had not been executed until July 17, 1950, and represented to respondents that the Mason Logging Company continued to be the owner and holder of the Mason timber contract and concealed from respondents that appellants were the successors in interest of the Merillons, and concealed from respondents that they had composed and prepared the letter of acknowledgment, dated October 20, 1950.

Based upon the said findings the court concluded that "That certain instrument, being Plaintiffs' 'Exhibit C' [the so-called acknowledgment], attached to the Complaint, and hereby made a part hereof, and the recordation thereof at Book 149 of Official Records of Humboldt County, at page 122, is hereby set aside, cancelled and rendered of no further force and effect''; that "That certain timber contract, a copy of which, marked 'Exhibit A,' is attached to the Complaint, and hereby made a part hereof, and recorded in Book 136 of Official Records of Humboldt County at page 404, has no validity, force and effect insofar as it affects or purports to affect the property belonging to the defendants"; and that "Plaintiffs have no right, title or interest in or to the timber on defendants' said property by, through or under said timber contract, 'Exhibit A,' or otherwise." Judgment was entered declaring the rights of respondents in accordance with said findings and conclusions.

Under the alternative findings of fact, other findings are made which are based upon an assumption (contrary to the general findings) that the Mason timber contract was executed on the date recited therein, i. e., March 1, 1949, and that there

was no fraud or misrepresentation by appellants. Here the findings were also in favor of respondents.

Appellants' first contention is that the findings that the Mason timber contract was not executed until July 17, 1950, is contrary to the facts as admitted by the pleadings. Appellants state that the original answer filed by respondents admitted certain allegations of the complaint, in part, that on March 1, 1949, the Merillons had sold to Mason and Davis all the merchantable timber on the Merillon ranch by a written agreement. The record shows that at the opening of the trial respondents offered an "Amendment to Answer," delivering a copy to counsel for appellants and handing the original to the court. Said offered amendment denied upon lack of information and belief the execution of the Mason timber contract and its addendum on the dates recited therein. Appellants argue that the proposed amendment must be disregarded because the record does not show any order made by the court allowing it and that there was, therefore, no issue as to the execution of the contract before the court. Appellants contend that since the original answer admitted the sale on March 1, 1949, from Merillon to Mason and Davis by the written agreement, the finding that such agreement was not executed until July 17, 1950, is contrary to such admission and, being so, such finding is unsupported.

While it is true that the reporter's transcript does not show any specific order allowing the amendment it does show that the original was handed to the court, and the clerk's transcript shows that it was marked filed by the clerk on the same date. The record also shows that after the appellants in objecting to the amendment stated that it would put them in the position of having to go out and find additional witnesses, the court stated: "If it develops later that plaintiffs need additional time for further testimony it will be granted." Appellants then opened their case and proceeded to present their evidence. During the trial both counsel examined witnesses relative to the point of the dates of execution of the Mason timber contract and its addenda, but at such time no objection was made by appellants on the ground that such point was not an issue because it had been admitted in the original answer.

We think it is clear from the record that the amendment was allowed by the court, that it was so understood by the parties, and that the case was tried upon the theory that the dates of the execution of the Mason timber contract and its addendum

were definitely in issue at the trial. There is, therefore, no merit in appellants' contention that the finding that the Mason contract was not executed until July 17, 1950, is contrary to the admitted facts.

Appellants next contend that the finding that the Mason timber contract was not executed until July 17, 1950, is not supported by the evidence. However, we are satisfied that upon this issue there was a clear conflict in the evidence and that it cannot be held that the evidence and the inferences that may reasonably be drawn therefrom do not support the conclusion of the trial judge. Only one of the parties to the basic agreement, Mason, testified at the trial and neither counsel asked him any questions relating to the execution date of the basic agreement. The notary who acknowledged the documents worked for appellants in their office. On cross-examination Barnum stated that he thought the signatures could have occurred sometime around July 17, 1950, but that he didn't know the exact time as he was not present when the papers were signed. Steele stated that it could have been signed on such day, but that he could not recall when the signing occurred. Neither Barnum nor Steele was a party to the basic agreement or first addendum, but Steele was one of the signatories on the second addendum dated September 1, 1949, signing as the secretary of Mason Logging Company.

Appellants contend that the dates in the basic agreement and addenda are conclusively presumed to be valid under Code of Civil Procedure, section 1962, subdivision 2, and that the court could not find contrary to this conclusive presumption, but respondents answer this point adequately by quoting from the case of *Taylor* v. *Lundblade,* 43 Cal.App.2d 638, 640 [111 P.2d 344], to the effect that Code of Civil Procedure, section 1962, subdivision 2, "does not preclude the contradiction of the unessential designation of the mere time and place of execution of the contract by extrinsic evidence."

We believe that the following analysis of the evidence by the trial judge is amply supported by the record:

"The testimony relating to this exhibit [Plaintiffs' Exhibit 7] shows:

"That the Merillons did not compose its draft. The letter (Plaintiffs' Exhibit 7) was composed by the plaintiff, G. Kelton Steele. After it was written it was sent to the Merillons for their signatures. It was signed by the Merillons, returned to Mr. Steele and he, in turn, mailed it to the Conways. It should be noted here that at the time this letter bears date

the Merillons had already made an assignment of timber contracts to plaintiffs and had no further interest in Exhibit One; (See Exhibit 2) also, this assignment was [not] placed of record until after the date the letter bears date. Moreover, long prior to this the Conways held an assignment to timber contracts affecting their holdings. (Plaintiffs' Exhibit 2.)

"This letter addressed to the Conways (Plaintiffs' Exhibit 7) also states that the Merillons had assigned to the Conways *all existing contracts* and that included among those contracts was the Mason-Davis Contract (Plaintiffs' Exhibit One). There is evidence in the record that when Exhibit 7 (letter) was written to defendants that the plaintiffs knew that the Mason-Davis Contract (Plaintiffs Exh. 1) was not in existence when the defendants purchased their property. The testimony of defendant, Charles R. Barnum, was to the effect that it was his recollection that the Mason-Davis contract was not signed until the year 1950, and that he had every cause to believe that the contract was signed around July 17, 1950, and not the day it bears date, to wit, March 1, 1949. It appears, therefore, that the presumption that a writing was made on the day it bears date has been dispelled. It results, then, that the defendants were misled by the plaintiffs' representation to them that the contract was one affecting their interest in the timber upon their property, the 6,400 acres which they had purchased from the Merillons. Defendant Dan Conway, testified that when he was in the office of the defendants in early November of 1950, that he was not apprised of the fact that the plaintiffs had purchased or acquired the contract for timber rights held by Mason Davis Company. Conway testified that he inquired of Mr. Steele when the company was going to start logging and it was not until later that he learned that the plaintiffs had attempted to purchase the contract. This being true the defendants are not estopped to take the position that their signatures on Exhibit 7 were obtained through misrepresentation as to their rights. It was not until after the defendants had signed Exhibit 7 that they learned they had been imposed upon by the concealment of material facts. It was not until after the defendant, Conway, procured a copy of Exhibit One from Mr. Steele, after he had been importuned to sign and did sign Exhibit 7 at Merillon's request (but in reality, the plaintiff's request) that he learned that Mr. Steele was secretary of the Mason Logging Company. Defendant Conway knew at the time he purchased that Merillon had been dealing with someone

respecting the timber on his large ranch and he also knew that by virtue of his purchase he succeeded to Merillon's rights in the 6,400 acreage he purchased from him. He was not consciously dealing with Mason or Davis or a logging company, but with Merillon only, and had a right to assume that Merillon would not request him to sign something affecting his title to the timber on his own land. He also knew that Merillon had plaintiff as his agent. He, Conway, signed the Exhibit 7 because of the misrepresentation as to material facts and in the mistaken belief that in so signing Exhibit Seven he was accommodating his original vendor; not the plaintiffs who were withholding from him a full disclosure of their asserted interest in his timber.

"The plaintiffs have brought this action for declaratory relief and the evidence amply warrants a finding by this court that defendants are not bound by their so-called 'acknowledgment' nor by plaintiffs' Exhibit Number One which the Court further finds was not in existence when the defendants had their negotiations with the Merillons."

In view of the fact that we have concluded that the evidence is sufficient to support the general findings of fact and the judgment, it is unnecessary to discuss the contentions of appellants relating to the alternative findings of fact.

Appellants' final contention is that the court erred in not hearing the motion for a new trial. Appellants state:

"A motion for a new trial was filed in this action. Thereafter nothing happened. The Clerk of the Court has certified that:

"1. On receipt of the motion, it was duly filed.

"2. No designation of time was made for hearing said motion.

"3. No notice of hearing was given said motion.

"4. No decision was made concerning said motion."

There is nothing in the record to show that appellants made any special effort to have the motion set down for hearing and we may assume that if such a request had been made a time would have been set for hearing the motion.

Counsel for appellants were of course well aware of the provision in section 660 of the Code of Civil Procedure that if a motion for a new trial is not decided within the 60-day period "the effect shall be a denial of the motion without further order of the court." We do not know why the motion for a new trial in the instant case was not set down for hearing in accordance with section 661 of the Code of Civil Procedure,

but whatever the reason may have been, it does not constitute error that will aid the appeal of appellants.

In view of the foregoing we are convinced that the evidence supports the judgment of the trial court and that no reversible error has been committed.

The judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied November 3, 1955.