

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: <br> DUTCHINTS DEVELOPMENT LLC, <br>           Debtor. | BAP Nos.   NC-25-1144-GPB <br>                NC-25-1190-GPB <br>            (related appeals) |
| BELL INVESTMENT PARTNERS, LLC; <br> PINE INVESTMENT GROUP LLC; <br> VERA AVENUE RC LLC, <br>               Appellants, <br><br> v. <br> RICHARD A. MARSHACK, Chapter 7 <br> Trustee, <br>               Appellee. | Bk. No. 21-51255 <br><br> Adv. No. 23-05037 <br><br><br> **MEMORANDUM**[*] |

Appeals from the United States Bankruptcy Court
for the Northern District of California
M. Elaine Hammond, Bankruptcy Judge, Presiding

Before: GAN, PEARSON,[1] and BRAND, Bankruptcy Judges.

## INTRODUCTION

Bell Investment Partners, LLC ("Bell"), Pine Investment Group LLC

("Pine"), and Vera Avenue RC LLC ("Vera" and collectively "Appellants")

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Hon. Teresa H. Pearson, United States Bankruptcy Judge for the District of Oregon, sitting by designation.

appeal the bankruptcy court's order granting summary judgment in favor of chapter 7[2] Trustee, Richard A. Marshack ("Trustee") on his adversary complaint to recover an avoidable preference under § 547(b). As part of a prepetition settlement, chapter 7 debtor Dutchints Development LLC ("Dutchints") transferred to Pine its 25% membership interest in Vera. Trustee sought to recover the value of the transfer from Pine.

The central issue in these appeals is whether the bankruptcy court properly applied a state law presumption to conclusively determine the value of the transferred interest. Because state law does not supply the rule of decision, as required by Federal Rule of Evidence ("FRE") 302, the bankruptcy court erred by applying the state law presumption. Appellants demonstrated a factual dispute regarding the value of the transfer, and summary judgment was not warranted. Accordingly, we REVERSE and REMAND.

## FACTS

### A. Prepetition Events

In 2016, Vahe Tashjian, the sole owner of Dutchints, began an investment relationship with Farzin Shakib and Mark Yazdani, the co-owners of Bell and Pine. Over the next few years, the parties made several real estate development deals through various single purpose entities.

---

[2] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

Pertinent to these appeals, the parties formed Vera to develop real property in Redwood City, California, they formed DD Warburton Group LLC ("Warburton") to develop real property in Santa Clara, California, and they formed DD Stonebrook Drive LLC ("Stonebrook") to hold and develop real property in Los Altos Hills, California (the "Stonebrook Property"). In each of these deals, Dutchints contributed real property and Bell or Pine contributed cash. Dutchints held a 25% interest in Vera and Pine held 75%. Dutchints held a 10% interest in Warburton and Bell held 90%. And Dutchints held a 20% interest in Stonebrook, Bell held 60%, and several smaller investors held the remaining 20%.

In September 2020, Dutchints, as manager of Stonebrook, sold the Stonebrook Property for $10,750,000. After paying lenders and third parties, Dutchints should have paid the net profit to Bell, but failed to do so. Bell filed suit in Santa Clara County Superior Court, and two months later, the parties entered into a settlement agreement with Bell, Pine, Shakib, and Yazdani on the one hand, and Stonebrook, Dutchints, and Tashjian on the other hand, in full resolution of the state court action.

Under the terms of the settlement, Dutchints agreed to pay Bell $2,550,000 and assign its membership interests in Warburton and Vera to Bell or its nominee. In January 2021, Dutchints assigned its 25% interest in Vera to Pine, and it assigned its 10% interest in Warburton to Bell. The

settlement stated that Dutchints's interest in Vera was valued at $450,000, and its interest in Warburton was valued at $0.[3]

## B.     The adversary proceeding and the court's ruling

In September 2021, Debtor filed a chapter 11 petition, which was subsequently converted to chapter 7. Trustee filed an adversary complaint against Appellants seeking to avoid Dutchints's transfers of its membership interests in Vera and Warburton pursuant to § 547(b).

Trustee then filed a motion for summary judgment. He asserted that Pine and Bell were statutory insiders of Debtor because they were affiliates, and he sought a judgment against each for the values of the transfers because Warburton and Vera no longer owned real property and recovery of the membership interests would not benefit the estate.

Trustee argued that the values of the transfers were conclusively established by the settlement agreement pursuant to Cal. Evid. Code § 622,

---

[3] The applicable provision of the settlement provides:
**Assignment of Vera and Warburton Membership Interests**. In further consideration of this Agreement, Dutchints shall within five (5) business days after the Effective Date assign to Bell (or Bell's nominee) all of Dutchints rights, title and interest in and to Vera Avenue RC LLC, a California limited liability company ("Vera LLC"), and DD Warburton Group LLC, a California limited liability company ("Warburton LLC"), the owners of the Vera Project and the Warburton Project, respectively, pursuant to an Agreement and Assignment of Membership Interest in substantially the form attached hereto as Exhibit "B" (collectively, the "Assignments"). The Parties hereby acknowledge that Dutchints' Vera membership interest is valued at Four Hundred Fifty Thousand Dollars ($450,000) and that Dutchints' Warburton membership interest is valued at Zero Dollars ($0.00).

4

which was made applicable by FRE 302. The state law evidentiary presumption states: "The facts recited in a written instrument are conclusively presumed to be true as between the parties thereto, or their successors in interest; but this rule does not apply to the recital of a consideration." Trustee maintained that the statements of value in the settlement were not recitals of consideration, but mere factual acknowledgments, and therefore, should be conclusively established.

Appellants opposed Trustee's motion, arguing that Trustee did not prove the essential elements of his claim. They presented valuation evidence of the real properties held by Vera and Warburton, including a broker's opinion of value and projections of costs and revenue, which showed Vera would yield gross profit of $2,628,462 and Warburton would yield $287,134. Appellants submitted a declaration from Shakib stating that at the time of the transfers the Vera project required additional capital contributions. Based on the operating agreements for Vera and Warburton—which specified that sale proceeds would be applied first to pay liens, then to repay the total capital investments, and remaining proceeds would be split evenly between the owners—Shakib opined that Dutchints would not expect to receive any distribution from either project. Appellants argued the transferred interests had no value and trustee could not establish the elements of an avoidable preference or damages under § 550(a).

The bankruptcy court held that Bell and Pine were statutory insiders because they were affiliates of Dutchints. It further held that FRE 302 made state law presumptions applicable in the case, and it applied Cal. Evid. Code § 622 to conclusively establish the value of the transfers based on the settlement. The court held that the statement of value in the settlement was not a recital of consideration, and it relied on *Lane Mortgage Co. v. Crenshaw*, 93 Cal. App. 411, 424 (1928), in holding that the statement "operates as a stand-alone clause separate from the immediately preceding sentence concerning consideration."

The bankruptcy court entered an order granting summary judgment, and Appellants appealed. The court then dismissed Trustee's remaining claims, and it entered judgment in favor of Trustee for $450,000. Appellants timely appealed the judgment.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(F). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

Did the bankruptcy court err by applying Cal. Evid. Code § 622 to conclusively establish value for purposes of §§ 547(b) and 550(a)?

Did the bankruptcy court err by granting summary judgment?

## STANDARD OF REVIEW

We review de novo the bankruptcy court's interpretation of evidentiary rules. *See Pierce v. Cnty. of Orange,* 526 F.3d 1190, 1200-01 (9th

Cir. 2008). We also review de novo the bankruptcy court's grant of summary judgment. *Patow v. Marshack (In re Patow)*, 632 B.R. 195, 201 (9th Cir. BAP 2021), *aff'd*, No. 21-60051, 2022 WL 2256325 (9th Cir. June 23, 2022). Under de novo review, "we consider a matter anew, as if no decision had been made previously." *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014).

## DISCUSSION

Appellants argue that: (1) FRE 302 makes state law presumptions applicable only if state law supplies the rule of decision, but the preference action arises under federal law and federal law supplies the rule of decision; and (2) the statement of value in the settlement was a recital of consideration and thus, excluded from the presumption. Without the conclusive presumption, Appellants maintain there is a question of material fact regarding the value of Dutchints's membership interest at the time of transfer, which precludes summary judgment.

## A.    Summary judgment standard

Civil Rule 56(a), made applicable by Rule 7056, provides that summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In reviewing summary judgment, we must view the evidence in the light most favorable to the nonmoving party and draw all justifiable inferences in its favor. *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014) (citing *Cnty. of Tuolumne v. Sonora Cmty.*

7

*Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001) and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585 n.10 (1986). A material fact is one that "under the governing substantive law . . . could affect the outcome of the case." *Caneva v. Sun Cmtys. Operating Ltd. P'ship (In re Caneva)*, 550 F.3d 755, 760 (9th Cir. 2008) (quotation omitted). A factual dispute is genuine if "a jury could reasonably find in the nonmovant's favor from the evidence presented." *Emeldi v. Univ. of Or.*, 698 F.3d 715, 730 (9th Cir. 2012).

## B. The bankruptcy court erred by applying the state law presumption.

The Federal Rules of Evidence apply in bankruptcy cases and proceedings. Rule 9017; FRE 101(a). Pursuant to FRE 302, "state law governs the effect of a presumption regarding a claim or defense for which state law supplies the rule of decision."

Appellants argue that Trustee's action under § 547(b) arises under federal law. Consequently, state law does not supply the rule of decision and the presumption under Cal. Evid. Code § 622 is not applicable. Trustee urges us to hold that Appellants waived this argument by failing to raise it in the bankruptcy court.

We typically do not consider issues that were not raised in the bankruptcy court. *See Mano-Y & M, Ltd. v. Field (In re Mortg. Store, Inc.)*, 773 F.3d 990, 998 (9th Cir. 2014). But Appellants argued against application of

the state law presumption, and the question of whether FRE 302 made state law presumptions applicable was necessarily decided by the bankruptcy court. Trustee's suggestion that Appellants cannot expand upon or reframe their argument regarding FRE 302 is without merit. *See Impossible Foods Inc. v. Impossible X LLC*, 80 F.4th 1079, 1087 n.1 (9th Cir. 2023) (holding that appellants may elaborate upon and prioritize arguments raised below and "can make any argument in support of their claim on appeal—they are 'not limited to the precise arguments they made below.'" (quoting *Allen v. Santa Clara Cnty. Corr. Peace Officers Ass'n*, 38 F.4th 68, 71 (9th Cir. 2022))). And even if an issue was not raised in the bankruptcy court, we may address it if "the issue presented is purely one of law and either does not depend on the factual record developed below, or the pertinent record has been fully developed." *In re Mortg. Store, Inc.*, 773 F.3d at 998 (quoting *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010)). Consequently, we will address the argument.

The value of Dutchints's membership interests at the time of transfer is necessary to determine the "greater percentage test" under § 547(b)(5). And if the transfer is avoided, the value is necessary to determine Trustee's recovery under § 550(a). The rule of decision is supplied entirely by federal law. Bankruptcy courts routinely determine the value of property interests, and they have "discretion on how to value the property so as to put the estate in its pretransfer position." *USAA Fed. Sav. Bank v. Thacker (In re Taylor)*, 599 F.3d 880, 890 (9th Cir. 2010). Nothing about valuing the transfer

depends on state law, and FRE 302 does not make the state law presumption applicable in this adversary proceeding.

But even if Cal. Evid. Code § 622 applied, the values in the settlement would not be conclusively established because the statement is either a recital of consideration or it is not essential to the agreement.

Consideration, as defined by California law, is "any benefit conferred" or "any prejudice suffered" as an inducement to the promisor. *Steiner v. Thexton*, 48 Cal. 4th 411, 420-21 (2010); Cal. Civ. Code § 1605. As the bankruptcy court noted, Dutchints's promise to transfer its membership interests constituted consideration under the settlement. By ascribing values to the membership interests, the parties quantified the value of the benefit conferred. The acknowledged values were thus part of the recital of consideration.[4] *See Arnold v. Arnold*, 137 Cal. 291, 296 (1902) ("[T]he recitals of consideration in written instruments are not conclusive as to the amount, or character or payment of the consideration . . . .").

---

[4] The bankruptcy court's reliance on *Lane Mortgage Co.* is misplaced. In that case, the Court of Appeal reversed a ruling that a contract lacked consideration. 93 Cal. App. at 423-24. It noted that the presumption now contained in Cal. Evid. Code § 622 applied to a provision that stated: "said lease is valuable to the Hotel Company and was procured for it by the Lane Company, and said Lane Company has agreed to finance the construction of the building by loaning $200,000.00 to Hotel Company for the purpose of erecting said building." *Id.* at 424. The Court of Appeal held that Lane Company's obligations were binding, but it did not determine the actual value of its consideration, and it specifically stated it was not deciding whether the defendants could question actual consideration. *Id.* In short, *Lane Mortgage Co.* does not stand for the proposition that "a statement of valuation" is not a recital of consideration.

Conversely, if the values ascribed to Dutchints's membership interests are not recitals of consideration, then they are entirely unnecessary to the settlement. The presumption in Cal Evid. Code § 622 has long been held by California courts to apply only "to the essential facts therein contained, which are necessary to determine the obligations or liabilities of the contracting parties." *Gas Appliance Sales Co. v. W.B. Bastian Mfg. Co.*, 87 Cal. App. 301, 306 (1927) (discussing Cal. Civ. Proc. Code § 1962(2), which was restated and superseded by Cal. Evid. Code § 622); *see also Taylor v. Lundblade*, 43 Cal. App. 2d 638, 640 (1941) (holding the conclusive presumption inapplicable to "non-essential facts in the contract" which were "not a material part of the agreement").

The settlement imposed an obligation on Dutchints to assign its membership interests in Vera and Warburton. But the purported values of those membership interests had no bearing on the obligations and liabilities of the parties. The acknowledged values were non-essential facts not subject to the presumption under Cal. Evid. Code § 622.

Additionally, if we were to hold that the stated value of property in a written instrument is conclusively presumed to be true under Cal. Evid. Code § 622, and applicable in bankruptcy avoidance actions, debtors could easily circumvent a trustee's ability to recover from a transferee. Debtors could transfer property for a stated value of $0 and effectively bind a

11

successor chapter 7 trustee, limiting the estate's ability to recover the true value of the avoidable transfer.[5]

The bankruptcy court erred by holding that the settlement agreement conclusively established the value of the Dutchints's membership interests as of the transfer date.[6]

## C.    Summary judgment was not warranted.

Trustee contends that even without the conclusive presumption, Appellants did not present a genuine dispute as to value. He argues that Appellants failed to present any admissible evidence to contradict his assertion of value.

But Trustee's only evidence of value was the settlement and the state law presumption which is inapplicable here. Appellants provided sufficient evidence to dispute Trustee's asserted value through Shakib's declaration and supporting documents.

Trustee argues we should disregard Shakib's declaration under the "sham affidavit" rule. "The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior

---

[5] Although we hold that state law presumptions are not applicable here because federal law supplies the rule of decision under § 547(b), recovery of the "value of such property" under § 550(a) is also applicable to avoidance actions under § 544, which incorporate state law. Section 550 gives bankruptcy courts discretion to award a trustee either the property transferred or the value of the property. *See In re Taylor*, 599 F.3d at 889-90.

[6] This applies equally to the provision stating that Dutchints's interest in Warburton was valued at $0. On remand, Trustee may present evidence to establish the true value of Dutchints's interests in Vera and Warburton at the time of transfer.

deposition testimony." *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 998 (9th Cir. 2009) (quoting *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991)). However, the rule "should be applied with caution." *Id.* (quoting *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1264 (9th Cir. 1993)). The sham affidavit rule has two important limitations: (1) the bankruptcy court must make a factual determination that the contradiction was actually a sham and the inconsistency must be "clear and unambiguous to justify striking the affidavit;" and (2) "the non-moving party is not precluded from elaborating upon, explaining or clarifying prior testimony . . . ." *Id.* at 999 (citations omitted); *see also Yeager v. Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012).

We are not convinced that Shakib's declaration should be excluded under the sham affidavit rule. In his prior deposition, Shakib testified he could not say what the value of the membership interest was without more information. He was not precluded from elaborating upon or clarifying his testimony in his subsequent declaration by offering an opinion of value based on his analysis of available documents. Moreover, the bankruptcy court did not make a factual finding regarding the alleged contradiction.

Trustee argues that Shakib's declaration included inadmissible hearsay and unauthenticated documents, and Shakib misapplied the waterfall provisions in the operating agreement. But Trustee did not file an objection to Shakib's declaration and has waived the evidentiary arguments. *See Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 n.5 (9th Cir.

13

2002); *see also Hoye v. City of Oakland*, 653 F.3d 835, 841 n.3 (9th Cir. 2011) ("Defects in evidence submitted in opposition to a motion for summary judgment are waived absent a motion to strike or other objection."). Moreover, the documents were not presented to prove the truth of the matter asserted, but instead as materials relied upon by Shakib in forming his opinion of value. And while Trustee may dispute Shakib's analysis, his opinion of value is sufficiently supported to create a genuine issue of fact regarding the value of Dutchints's membership interests.

Although Trustee contends that he satisfied the greater percentage test of § 547(b)(5) by providing evidence that unsecured creditors will not receive a 100% dividend, this is sufficient only where the trustee can prove the alleged preference had some value. *See Elliott v. Frontier Props./LP 102/Meadow Glen Arms/79 (In re Lewis W. Shurtleff, Inc.)*, 778 F.2d 1416, 1421 (9th Cir. 1985) ("[A]s long as the distribution in bankruptcy is less than one-hundred percent, *any* payment 'on account' to an unsecured creditor during the preference period will enable that creditor to receive more than he would have received in liquidation had the payment not been made.").

Trustee did not show an absence of a genuine dispute of fact regarding the value of the membership interest. He did not satisfy § 547(b)(5) as a matter of law, or the value of the transfer for purposes of a judgment under § 550(a).

14

## CONCLUSION

Based on the foregoing, we REVERSE the court's grant of summary judgment and REMAND for further proceedings consistent with this decision.